edy against the contumacious—the other the unfortunate. The later act is not in conflict with, nor has it repealed expressly or impliedly, the former. Both are in pari materia, and are to be construed as equally effective, applicable to different situations.

In the case at bar the mortgagee did not refuse to accept payment, execute a satisfaction piece, and deliver the mortgage. It was ready and willing to receive payment and execute the satisfaction piece. It was unable to deliver the mortgage because it had been destroyed. It should not be required to seek the payment of its debt at the hands of the chamberlain with the inevitable consequence of loss of interest and the payment of fees. Nor has the mortgagor in good faith complied with the statute, for it has not made a valid tender, but one coupled with a condition it knew impossible of performance.

We think the order was wrong, but we are of opinion, as all of the facts are before the court, that we should now direct the proper order to be entered, which is that upon payment to the mortgagee of the principal sum due upon the mortgage, with interest to the time of payment, and the execution by the mortgagee of a satisfaction piece, the production of the mortgage is dispensed with, having been shown to have been lost or destroyed, and that the register, upon the presentation of the satisfaction piece and a certified copy of the order to be entered hereon, cancel said mortgage of record and make the appropriate entries in his books as required by law, and the order so modified is affirmed, without costs to either party. All concur.

---

## MURPHY v. DELAWARE & H. CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

BRIDGES (§ 35*)—HIGHWAY BRIDGE OF RAILROAD TRACKS—INJURY TO PEDESTRIAN—LIABILITY OF RAILROAD.

Under Railroad Law (Laws 1890, c. 565) § 64, as amended by Laws 1909, c. 153, requiring a municipality to put in proper repair a highway bridge over a railroad track, or to serve notice on the railroad company requiring it to repair, the company, in the absence of such notice, is not liable for injury to a pedestrian caused by a defect in a sidewalk forming a part of the roadway of such bridge.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 80, 96, 98, 109; Dec. Dig. § 35.*]

Betts, J., dissenting.

Appeal from Trial Term, Washington County.

Action by Celia Murphy, by Mary Ann Murphy, her guardian ad litem, against the Delaware & Hudson Company. Judgment dismissing the complaint, and plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

Rogers & Sawyer, of Hudson Falls (J. E. Sawyer, of Hudson Falls, of counsel), for appellant.

Lewis E. Carr, of Albany, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JOHN M. KELLOGG, J.   The defendant's railroad passes under a bridge forming a part of the highway at McCrea street in Ft. Edward.   The bridge was erected by the defendant when it constructed its railroad through and under McCrea street, about 1869, and has since been reconstructed and maintained by it prior to 1909.   Along the roadway of the bridge, and forming part of it, is a sidewalk, laid with four-inch plank running lengthwise.   One of the planks had become rotten at its edge, and there was a hole in it five or six feet long, from two to four inches wide and from one to three inches deep.   The plaintiff, five years of age, tripped in the hole, and fell between the plank and the guard rail onto the railroad track below, and was injured.

Section 64 of the Railroad Law, as amended by chapter 153 of the Laws of 1909, provides, among other things:

"When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality in which the same are situated; except that in the case of any overhead bridge constructed prior to the first day of July, eighteen hundred and ninety-seven, the roadway over and the approaches to which the railroad company was under obligation to maintain and repair, such obligation shall continue, provided the railroad company shall have at least ten days' notice of any defect in the roadway thereover and the approaches thereto, which notice must be given in writing by the town superintendent of highways or other duly constituted authorities, and the railroad company shall not be liable by reason of any such defect unless it shall have failed to make repairs within ten days after the service of such notice upon it."

Under the statute, it was the duty of the municipality to put this walk in proper repair, or to serve notice upon the defendant requiring it to make repairs.   The notice not having been given, the railroad company is not liable.   The liability, if any, rests upon the municipality.

The judgment should therefore be affirmed, with costs.   All concur, except BETTS, J., dissenting.