(Supreme Court, Trial Term, Washington County. January, 1913.)

1. BRIDGES (§ 37*)—LIABILITY FOR INJURIES—TOWNS—VILLAGE.

Under General Village Law (Consol. Laws 1909, c. 64) § 142, which places every public bridge within the village under the control of the town commissioners of highways, responsibility for the care and maintenance of a public highway bridge over railroad tracks on a village street within a town's limits rested upon the town, and hence the village could not be held liable for personal injuries from a defect in the sidewalk at the bridge.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 96, 103–105, 109; Dec. Dig. § 37;* Highways, Cent. Dig. § 480.]

2. BRIDGES (§ 4*)—"PUBLIC BRIDGE."

A "public bridge" is a public highway, and a bridge in the public highway is a public bridge.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. § 4; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 6, pp. 5775, 5776.]

Action by Celia Murphy, an infant, by her guardian, against the Village of Ft. Edward, for damages for personal injuries. Complaint dismissed.

Rogers & Sawyer, of Hudson Falls, for plaintiff.
Wyman S. Bascom, of Ft. Edward, for defendant.

VAN KIRK, J. In September, 1910, the plaintiff, then an infant five years of age, tripped in a defect in the sidewalk of the highway bridge over the Delaware & Hudson tracks, on McCrea street, in the town and village of Ft. Edward. An action to recover damages for injuries then suffered was first brought against the Delaware & Hudson Company. The complaint was dismissed at the trial, because the defect was too slight. The Appellate Division affirmed, because the liability, if any, rested upon the "municipality." 151 App. Div. 351, 135 N. Y. Supp. 509. Not having affirmed on the ground held by the Trial Term, the Appellate Division has held in effect that a jury might find the defect sufficient to sustain a recovery. The plaintiff thereafter brought this action against the village of Ft. Edward, and has secured a verdict, subject to the opinion of the court whether or not the village is the "municipality" charged with the control and maintenance of the bridge. The defendant claims that the town is so charged.

[1] The maintenance of a public bridge is a governmental duty resting upon the state. The Legislature, in exercising its governmental functions, may charge the duty of maintaining highways and bridges upon a civil division within which they are. In this state primary responsibility for such maintenance has always been upon the town and its officers. This responsibility still remains upon the towns, unless a statute has placed it otherwhere. Markey v. County of Queens, 154 N. Y. 682, 683, 49 N. E. 71, 39 L. R. A. 46; Hill v. Supervisors of Livingston County, 12 N. Y. 57; Knowles v. Board of Supervisors, 112 App. Div. 140, 97 N. Y. Supp. 1111. My attention has been called to several statutes, but I have not been able to find any which changes this responsibility as to the bridge in question. The General Village Law (Consol. Laws 1909, c. 64), under which Ft. Edward is incorporated, not only leaves, but charges, the responsibility directly upon the town. Section 141 thereof places the streets under the exclusive control of the board of trustees, except as provided in section 142, which is as follows:

"Care of Bridges.—If, at the time this chapter takes effect, the board of trustees of a village has supervision and control of a bridge therein, it shall continue to exercise such control under this chapter. In any other case, every public bridge within a village shall be under the control of the commissioners of highways of the town in which the bridge is wholly or partly situated, or such other officer as may be designated by special law, and the expense of constructing and repairing such bridge and the approaches thereto is a town charge, unless the village assumes the whole or part of such expense."

The board of trustees of the village has never had responsibility or control of this bridge, and has never assumed in whole or in part the expense of its construction or repair. If, therefore, this a public bridge,

it by this statute is placed under the exclusive control of the commissioners of highways of the town, and the expense of its construction and repair is a town charge.

[2] It seems plain that this is a public bridge. It is a bridge (5 Cyc. 1052; Webster, New Int. Dict.; Railroad Law, § 93, as amended in 1910), and is in the public highway. "A public bridge is a public highway" (Markey v. County of Queens, supra, 154 N. Y. 683, 49 N. E. 73, 39 L. R. A. 46), and a bridge in the public highway is a public bridge. This section (142) is not restricted in its application to bridges "over streams or other waters," and is broad enough to, and does, cover the public highway bridge in question. The Highway Law (section 250) refers to public bridges "over streams or other waters" only; but it was not intended thereby to exclude those public bridges over a railroad or a gorge within a town's limits. If this public highway bridge were outside of the village limits, and still in the town limits, there would be no question where responsibility for its care and maintenance rested. Section 93 of the Railroad Law contemplates the responsibility of the town; it provides that the 10 days' notice, referred to, be given "by the town superintendent of highways," or other duly constituted authority. It does not otherwise designate the responsible "municipality," except "in case such highway is a part of a state or county highway." This exception is not material on the question here involved.

I therefore conclude that the defendant cannot be held liable herein, and the complaint must be dismissed. An order for judgment accordingly may be prepared.

Judgment accordingly.