(158 App. Div. 342.)

### MURPHY v. VILLAGE OF FT. EDWARD.

(Supreme Court, Appellate Division, Third Department. September 10, 1913.)

1. BRIDGES (§ 37*)—RAILWAY CROSSINGS—"PUBLIC BRIDGE."

Village Law (Consol. Laws 1909, c. 64) § 142, providing that, if at the time that chapter takes effect the board of trustees of a village has supervision and control of a bridge therein, it shall continue to exercise such control, but that in any other case every public bridge within a village shall be under the control of the commissioners of highways of the town, has no application to a structure in the form of a bridge erected by a railroad company over its tracks as a part of its duty to restore the

highway crossed by its tracks to its original utility; such a structure not being a "public bridge," in the sense in which that expression is used, but a part of the highway as distinguished from the ordinary bridge over a water course, and, under the grade crossing act, the duty of maintaining the roadway on such bridge rests on the village.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 96, 103–105, 109; Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 6, pp. 5775, 5776.]

2. APPEAL AND ERROR (§ 1137*)—REVIEW—ERRORS URGED BY RESPONDENT.

In an action against a village for injuries, defendant, at the close of plaintiff's case, moved to dismiss the complaint upon the ground, among others, that the statutory notice was not filed within the time prescribed by law. The court, without objection or exception, reserved the motion. At the close of defendant's evidence the motion to dismiss was renewed and denied except that the court retained the question of whether the town or the village was liable for the maintenance of the roadway where the accident occurred and submitted the case to the jury subject to the court's opinion on that question. No objection was made or exception taken. A verdict was rendered for plaintiff which the court set aside on the erroneous ground that the town and not the village was liable. Plaintiff alone appealed. *Held* that, defendant having taken no exception or cross-appeal, the court would not go outside the record and affirm the judgment on the ground that the complaint was defective in failing to allege the filing of the statutory notice, since had the court ruled adversely to plaintiff the complaint might have been amended so as to allege a justification for the failure to file such notice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4446; Dec. Dig. § 1137.*]

3. MUNICIPAL CORPORATIONS (§§ 812, 816*)—ACTIONS—CONDITIONS PRECEDENT —NOTICE.

Under Village Law (Consol. Laws 1909, c. 64) § 341, providing that no action shall be maintained against a village for personal injuries unless a written, verified statement of the nature of the claim and of the time and place of the injury shall have been filed with the village clerk within 60 days, an infant plaintiff must show the filing of such notice or an excuse sufficient in law for the failure to file it; her infancy in itself not being a sufficient excuse.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707, 1711–1716, 1718, 1720–1723; Dec. Dig. §§ 812, 816.*]

Appeal from Trial Term, Washington County.

Action by Celia Murphy, an infant, by Mary Ann Murphy, her guardian ad litem, against the Villiage of Ft. Edward. From an order and judgment of dismissal and an order setting aside a verdict for plaintiff (79 Misc. Rep. 296, 140 N. Y. Supp. 885), plaintiff appeals. Order and judgment of dismissal reversed, order setting aside verdict affirmed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Rogers & Sawyer, of Hudson Falls (Erskine C. Rogers, of Hudson Falls, of counsel), for appellant.

Wyman S. Bascom, of Ft. Edward (Edgar T. Brackett, of Saratoga Springs, of counsel), for respondent.

WOODWARD, J. This action was brought to recover damages for personal injuries alleged to have been sustained by the plain-

tiff by reason of the negligence of the defendant in maintaining the passageway of a bridge over a branch of the Delaware & Hudson Company Railroad. Upon the trial of the action the court reserved its decision on the defendant's motion for a dismissal of the complaint and, upon the jury finding a verdict for the plaintiff, set the verdict aside and directed that judgment be entered dismissing the complaint upon the ground that the village of Ft. Edward did not owe the plaintiff the duty of maintaining the bridge in a reasonably safe condition; that duty belonging to the town of Ft. Edward under the provisions of section 142 of the Village Law (Consol. Laws 1909, c. 64). The plaintiff appeals from the order directing the entry of judgment dismissing the complaint and from the judgment entered upon such order, as well as from the order setting aside the verdict of the jury.

[1] The main question involved in this appeal is the one relating to the duty of caring for this bridge over the tracks of the Delaware & Hudson Railroad. We are clearly of the opinion that the learned trial court has fallen into error in holding that section 142 of the Village Law determines the liability of the defendant. This section provides that:

If "at the time this chapter takes effect, the board of trustees of a village has the supervision and control of a bridge therein, it shall continue to exercise such control under this chapter. In any other case, every public bridge within a village shall be under the control of the commissioners of highways of the town in which the bridge is wholly or partly situated, or such other officer as may be designated by special law, and the expense of constructing and repairing such bridge and the approaches thereto is a town charge, unless the village assumes the whole or part of such expense."

If the bridge over the Delaware & Hudson Railroad was a "public bridge" in the sense that that expression is used in the Village Law, then there can be no question that the duty of maintaining it rested upon the town rather than the village of Ft. Edward; but it is not such a bridge; it is merely a structure, in the form of a bridge, erected by the railroad company in the discharge of its obligation to restore the highway which it crossed with its tracks to its original utility and in law is a part of the highway as distinguished from the ordinary bridge over a water course. City of Yonkers v. N. Y. C. & H. R. R. R. Co., 165 N. Y. 142, 145, 58 N. E. 877. "The duties of railroad companies in building and maintaining bridges which are rendered necessary by their interference with existing highways," say the court in Bush v. D. L. & W. R. R. Co., 166 N. Y. 210, 217–218, 59 N. E. 838, 841, "are defined and regulated by another statute which declares: 'Every railroad corporation which shall build its road * * * across * * * any highway * * * which the route of its road shall intersect or touch, shall restore * * * the * * * highway * * * thus intersected or touched to its former state, or to such state as not to have unnecessarily impaired its usefulness, and any such highway * * * may be carried by it, under or over its track, as may be found most expedient.' L. 1890, c. 565, § 11. It has been many times held that the statutory duty of restoring a highway appropriated by a railroad company

for its track is a continuing obligation incident to its franchise; that the purpose of the statute was to impose upon the company the duty of maintaining a bridge or highway as well as of restoring it; and that the statutory duty to preserve the usefulness of the highway attaches and remains until it is fully complied with." These bridges carrying any highway over the tracks of a railroad, it will thus be seen, do not change the character of the way; it is still a highway, changed in form to meet the requirements of the railroad, and is in no proper sense a public bridge. "But since 1835," say the court in the case last cited (166 N. Y. 221, 59 N. E. 842), "the liability of railroad companies for injuries occasioned by their neglect to restore and maintain highways crossed by their railroads to their former state so as not to impair their usefulness has never been questioned nor denied. And never until now has it been claimed that the policy of the law relating to bridges or highways of a town had any application or relation to the duties and liabilities of railroad companies imposed by the Railroad Law (Consol. Laws 1910, c. 49). The policy as to each has always been distinct and essentially different from that which has been adopted as to the other."

The bridge here in question was constructed many years ago, and except for the later legislation, known as the Grade Crossing Act, it would unquestionably have been the duty of the railroad company to maintain this portion of the highway in a reasonably safe condition. That duty has, however, been changed by statute, and the municipality, except under conditions not existing in the case now before us, is bound to maintain the roadway. Murphy v. Delaware & Hudson Co., 151 App. Div. 351, 135 N. Y. Supp. 509. In other words, the municipality in which this crossing is located, being charged with the duty of maintaining its highways, is called upon to take care of the roadway of this bridge in the same manner that it would have been bound to take care of the highway if the railroad had not been constructed across it, and the provisions of the Village Law in reference to public bridges have nothing to do with the case.

[2, 3] It seems clear, therefore, that upon the question of law determined by the court the plaintiff is entitled to a reversal of the judgment and order. But it is suggested that there was a fatal defect in the plaintiff's case in that the plaintiff had failed to give the notice required by section 341 of the Village Law, and we are of the opinion that, had this point been insisted upon, it would be fatal to the plaintiff's case. At the close of plaintiff's case counsel for defendant moved to dismiss the complaint upon the ground, among others, that there had been a failure to file the notice within the time prescribed by law, and we will assume that this motion referred to section 341 of the Village Law. The court declined to dismiss the complaint and took defendant's testimony, reserving the motion. To this there was no objection or exception. At the close of defendant's evidence the motion to dismiss the complaint was renewed upon the grounds mentioned above, and this motion was denied "except that the court retains the question of whether or not the town or the village is responsible for the maintenance of this

sidewalk on the bridge, and will take the verdict of the jury subject to the opinion of the court on that question." No objection was made; no exception was taken; so that when the case went to the jury there was a ruling of the court, without objection or exception, that the defendant was not entitled to have the complaint dismissed upon the ground that there had been a failure on the part of the plaintiff to file the notice referred to, and the defendant has not appealed from the order or judgment or made any move whatever to bring that ruling before this court, and it is the province of a court of review to deal only with the questions presented on behalf of one who is aggrieved by the judgment or order appealed from. It is possible, had the court ruled adversely to the plaintiff upon the question of the notice that the complaint might have been amended so as to set forth a justification for a failure to file such notice, and this litigation ought not to be determined without such an opportunity being afforded to the plaintiff. We are of opinion that under the rule set forth in Winter v. City of Niagara Falls, 190 N. Y. 198, 204, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486, the plaintiff must show either that the notice was filed or an excuse sufficient in law for a failure to do so, and that the mere infancy of the plaintiff is not a sufficient excuse, but that question is not presented upon this appeal. The plaintiff should not be defeated upon a question which she brought before the court in due form simply because we are of the opinion that upon another point, which may be obviated, the pleadings are defective. If the defendant had taken an exception to the ruling of the court, and had made a cross-appeal, the whole matter might be disposed of here, but it would be traveling outside of the record to defeat the plaintiff upon a question in which she is entitled to a reversal, because the defendant may have a fatal objection to the complaint as it now stands.

The order and judgment dismissing the complaint should be reversed, order setting aside verdict affirmed, and a new trial granted, with costs to appellant to abide event. All concur; SMITH, P. J., in memorandum.

SMITH, P. J. (concurring for reversal). I agree with Mr. Justice WOODWARD that upon the defendant rested the duty of keeping the planking upon the bridge in question in repair. The question upon which I entertain considerable doubt is as to the effect of the failure to serve upon the defendant the notice of injury. In Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486, where it was held that the requirement of the statute applied as well to an infant as to an adult, attention was called to the fact that the plaintiff in that case was 18 years of age "and, so far as the complaint shows, presumably was able to cause a claim to be filed." In the opinion of Judge Gray it is said:

"To require the presentation of a claim within a specified time is quite a reasonable provision, inasmuch as thereby the municipality is afforded a measure of protection against stale claims or the possible connivance of corrupt officials. It permitted an investigation into the occurrence to be had at

a time when the evidence relating to it might more readily be collected. The provision is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement or of an excuse for delay in performance, when caused by the inability of the injured person to comply."

The plaintiff in the case at bar was only five years old and was herself clearly unable to serve notice. While this is not a statute of limitation from the effect of which the plaintiff is relieved by reason of infancy, in my judgment a fair construction of the statute should not forfeit to this infant his right of action because of the failure of his mother or father to properly solve the intricate question of law as to what defendant was liable for the injury caused by this defective bridge.