EDNA GRAHAM, Respondent, v. TOWN OF URBANA, Appellant.

Fourth Department, May 4, 1932.

*Walter S. Drew* [*James S. Drake, Jr.,* of counsel], for the appellant.

*Cole & Knapp* [*Wilbur F. Knapp,* of counsel], for the respondent

CROSBY, J. This is an action against the town of Urbana to recover damages for personal injuries to plaintiff occasioned by an

alleged negligent condition permitted to exist on a State highway. Plaintiff recovered a judgment, and the defendant bases its appeal upon the ground, among others, that the statute places no duty upon the town to care for State highways, excepting the duty (1) to remove obstructions caused by snow, and (2) to remove snow and ice from culverts and waterways during the portion of the year when patrolmen are not employed on the road. (Highway Law, § 53, added by Laws of 1914, chap. 197.)

It is clear from the record that the condition that caused the accident was neither the clogging of culverts with snow and ice, nor the accumulation of snow on the roadway. The trouble was caused by the sliding of wet earth down a steep bank, over an ineffective curb and onto the pavement. The accident occurred on March 7, 1929, at a time of year when the earth in the bank would thaw during the day time and slide down onto the roadway, where the mud would freeze during the night time. The town is not responsible for the way in which this State road was constructed. And a town, being a civil division of the sovereign State, is not liable, at common law, for faulty conditions in town highways, even. A town maintains its highways in the exercise of a governmental, not a corporate, function. Liability is only imposed by statute.

By statute, however, it is provided that " Every town shall be liable for all damages to persons or property sustained by reason of any defect in its highways or bridges." (§ 74.) This section of the Highway Law has existed in substantially its present form since long before State highways were thought of, and it clearly refers to town highways, when, in speaking of the town's liability, it uses the words, " its highways."

Who, if anybody, is liable for injuries caused by reason of defects in State highways? The State is only liable where it waives its sovereign immunity. By section 176 of the Highway Law the State waives immunity from liability for such injuries occurring between May first and November fifteenth of any year. Section 176 further provides, in substance, that liability for such injuries occurring between November fifteenth and May first " shall otherwise remain as now provided by law." Even so, it does not follow that the town is liable unless a statute can be found imposing such liability. And by section 53 the only duty imposed upon towns is to remove obstructions caused by snow, and to keep culverts and waterways free from snow and ice. It was not the neglect of either one of these duties that caused the accident. It was error for the court to leave it to the jury to find that obstruction by snow in the road caused the accident. None of plaintiff's witnesses testified that it was snow. Witness Wehman called it " mud and ice,"

plaintiff's husband said it was " dirt and ice " and plaintiff herself called it " dirt."

Respondent argues that the town's liability can be based upon the provisions of section 47 of the Highway Law, charging the town superintendent of highways with the general duty of inspection, care and maintenance.

" That section must be read in connection with the article specifically relating to the maintenance of State and county highways. Thus read it will appear that the highways and bridges in the town referred to in section 47 are the highways and bridges which the town is required to maintain and not the highways which are under the exclusive supervision and control of the State Commission. * * *. Section 53 is the only section of article 4 which imposes a specific duty on town boards in relation to State and county highways." (*Ferguson* v. *Town of Lewisboro*, 213 N. Y. 141.)

The judgment and order herein should be reversed on the law and the facts and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.