CELIA MURPHY, an Infant, by MARY A. MURPHY, Her Guardian ad Litem, Respondent, *v.* VILLAGE OF FORT EDWARD, Appellant.

Infants — rights and disabilities of — statute requiring notice of claim against village to be served within sixty days after accident, as condition precedent to maintenance of action — when infant five years of age not precluded from bringing action against village by failure to comply with statute.

1. The right of action of an infant to redress a wrong or enforce a right is at its origination and remains in the infant. Infancy does not incapacitate the infant from bringing the action, and the infant is the real party although he sues by the guardian *ad litem*. The guardian *ad litem* manages the suit for the infant and protects his interests, but he is not, and the infant is, the real party to the action.

2. In this state the maxim that the law does not seek to compel a man to do that which he cannot possibly perform has been made the basis for the principle that physical and mental inability to comply with a statutory provision excuses the non-compliance. Inability is attributable to a first period of infancy while ability is attributable to a final period, as a matter of law, and through a period lying between those two the question of ability is a question of fact to be submitted to and determined by the jury.

3. Immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing compliance with the requirement of section 341 of the General Village Law (Cons. Laws, ch. 64) requiring a verified statement of claim for personal injuries to be filed within sixty days. Nor should a child of that age be prejudiced by the failure of its father or mother to file the same. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, distinguished.)

*Murphy* v. *Village of Fort Edward*, 159 App. Div. 471, affirmed.

(Argued December 4, 1914; decided January 12, 1915.)

APPEAL from a judgment entered December 3, 1913, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of the court at a Trial Term setting aside a ver-

dict in favor of plaintiff and directing a dismissal of the complaint and reinstated said verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wyman S. Bascom* for appellant. The failure to file a written verified statement of the nature of the plaintiff's claim and of the time and place at which the injury is alleged to have been received within sixty days after the cause of action herein occurred is a bar to the maintenance of this action. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Carson* v. *Dresden,* 202 N. Y. 414; *Reining* v. *City of Buffalo,* 102 N. Y. 308; *Curry* v. *City of Buffalo,* 135 N. Y. 366; *MacMullen* v. *City of Middletown,* 187 N. Y. 37; *Purdy* v. *City of New York,* 193 N. Y. 521; *Borst* v. *Town of Sharon,* 24 App. Div. 599; *Forsyth* v. *City of Oswego,* 191 N. Y. 441.) Infancy is not a sufficient excuse for failure to file within the time limited the written verified statement of the nature of the claim and of the time and place at which the injury is alleged to have been received, as required by section 341 of the General Village Law. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Norton* v. *Mayor, etc.,* 16 Misc. Rep. 303; *Donovan* v. *City of Oswego,* 42 App. Div. 539; *Morgan* v. *City of Des Moines,* 54 Fed. Rep. 456; 60 Fed. Rep. 208; *Kenady* v. *Lawrence,* 128 Mass. 318; *Gay* v. *Cambridge,* 128 Mass. 387; *Madden* v. *Springfield,* 131 Mass. 440; *Davidson* v. *City of Muskegon,* 111 Mich. 454; *Taylor* v. *Woburn,* 130 Mass. 494; *Parish* v. *Elden,* 62 Wis. 272.) Section 341 of the General Village Law containing no express language exempting infants from its terms, they are bound by it. (*Vance* v. *Vance,* 108 U. S. 514; *Bank* v. *Dalton,* 9 How. 522; *Bennett* v. *Worthington,* 24 Ark. 487; *Amy* v. *Watertown,* 130 U. S. 321; *Morgan* v. *Des Moines,* 60 Fed. Rep. 456; *Schauble* v. *Schultz,* 137 Fed. Rep. 389; *The Sam Slick,* 2 Curt. 480;

*Prideaux* v. *Webber,* 1 Lev., 31; *Reining* v. *City of Buffalo,* 102 N. Y. 308; *Borst* v. *Town of Sharon,* 24 App. Div. 599.)

*Erskine C. Rogers* for respondent, If the provisions of section 341 of the Village Law have not been strictly complied with, the excuse therefor, pleaded and proven, is valid and sufficient. (*Barnes* v. *City of Brooklyn,* 22 App. Div. 520; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *McKnight* v. *City of New York,* 186 N. Y. 35.)

COLLIN, J. The action is for negligence. The infant plaintiff was, when injured on September 28, 1910, five years old. The question presented arises from a failure of the plaintiff to comply with section 341 of the General Village Law (Laws of 1909, chap. 64; Cons. Laws, ch. 64). The language of the section is:

"No action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee thereof, unless the same shall be commenced within one year after the cause of action therefor shall have accrued nor unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk within sixty days after the cause of action shall have accrued. An action on such a claim shall not be commenced until the expiration of thirty days after it is presented."

A written verified statement under and complying with the requirements of the section, except the requirement that it be filed within sixty days after the cause of action shall have accrued, was filed August 5, 1912; that is, about twenty-three months after the injury. The appellant presents the sole question (duly preserved by an

exception to the admission of the statement in evidence) whether or not the failure to file the statement within sixty days after the injury is a bar to the maintenance of the action.

The plaintiff was defeated in a former action against the Delaware and Hudson Company to recover for this injury. (See 151 App. Div. 351.) Her mother, her guardian *ad litem* in this action, was appointed her guardian *ad litem* for the purposes of that action October 20, 1910. That action was commenced November 15, 1910. Her mother was appointed guardian *ad litem* for the purposes of this action August 3, 1912. This action was commenced October 14th, 1912.

In *Winter* v. *City of Niagara Falls* (190 N. Y. 198, 202) the statutory provision under consideration was: " All claims for damages founded upon alleged negligence of the city shall be presented to the common council, in writing, within thirty days after the occurrence causing such damages; * * * the omission to present any claim in the manner, or within the time, in this section provided shall be a bar to an action against the city therefor." Judge GRAY, writing for the court, said: " The provision, therefore, became an essential part of a complainant's cause of action and compliance with its requirement was a fact to be alleged and proved, like any other condition precedent to the existence of an obligation. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Curry* v. *City of Buffalo*, 135 id. 366; *MacMullen* v. *City of Middletown*, 187 id. 37.) Municipal liability for injuries is a matter that is within the control of the legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject. To require the presentation of a claim within a specified time is quite a reasonable provision; inasmuch as thereby the municipality is afforded a measure of protection against stale claims, or the pos-

sible connivance of corrupt officials. It permitted an investigation into the occurrence to be had at a time when the evidence relating to it might more readily be collected. The provision is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement, or of an excuse for delay in performance, when caused by the inability of the injured person to comply. (*Walden* v. *City of Jamestown,* 178 N. Y. 213.)" The language of section 341, "No action shall be maintained * * * unless a written verified statement * * * shall have been filed with the village clerk within sixty days after the cause of action shall have accrued," is the equivalent of the statutory language considered by Judge GRAY, and such conclusion the respondent here does not oppose. The respondent does, however, asserting an analogy between an infant and an administrator of an estate, urge that the plaintiff's cause of action did not accrue until the appointment of her guardian *ad litem* for the purpose of bringing this action, even as an administrator's cause of action does not accrue until his appointment. (*Crapo* v. *City of Syracuse,* 183 N. Y. 395.) It seems to me the distinction between the two cases is quite clear and certain. The right of action of an infant at its origination is and remains in the infant, who is of course in being. Infancy does not incapacitate the infant from bringing the action. The infant is the real party although he sues by the guardian *ad litem.* Such fact is recognized and declared in the Code of Civil Procedure, section 468: "Where an infant has a right of action, he is entitled to maintain an action thereon; and the same shall not be deferred or delayed, on account of his infancy." The guardian *ad litem* manages the suit for the infant and protects his interests, but is not, and the infant is, the real party to the action. The decision in *Winter* v. *City of Niagara Falls* (190 N. Y. 198), above cited, may be deemed an authority overruling the respondent's assertion in that it

26

held, in effect, that infancy, in and of itself, did not prevent the operation of the requirement that the notice or statement be filed.

The requirement of the statute, however, as Judge GRAY wrote, is not absolute and unyielding. Judge GRAY further said: "The question was well discussed below and I think it needs no further discussion here." The court below said: "No rigid rule can be established. If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable. 'Each case must be a law unto itself' within reasonable limits." The Appellate Division held in the case at bar "that a child five years of age is not precluded from bringing an action against a village by failure to file, within the time prescribed by law, the notice specified in section 341 of the Village Law, and, further, that a child of that age should not be prejudiced by the failure of its father or mother to file the same."

In this state the maxim that the law does not seek to compel a man to do that which he cannot possibly perform has been made the basis for the principle that physical and mental inability to comply with a statutory provision of the kind under consideration excuses the non-compliance. (*Walden* v. *City of Jamestown*, 178 N. Y. 213; *Whiteside* v. *North Am. Acc. Ins. Co.*, 200 N. Y. 320, 323; *Forsyth* v. *City of Oswego*, 191 N. Y. 441, 444.)

This court has not declared that infancy creates or is a condition of mental or physical inability. There are two suggestive judicial utterances. The one of Judge GRAY in the *Winter* case: "The plaintiff was eighteen years of age and, so far as the complaint shows, presumably, was able to cause a claim to be filed, and the statute makes

no exception as to persons." The other of Judge SPRING in the opinion of the Appellate Division in the *Winter* case: "If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable." There are cases holding that a parent is the natural guardian and protector of the rights. of his infant child. It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy.

We are of the opinion that immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing compliance with the requirement of section 341. It is reasonable to conclude that inability is attributable to a first period of infancy and ability is attributable to a final period, as a matter of law, and through a period lying between those two the question of ability is a question of fact to be submitted to and determined by the jury. (See *Forsyth* v. *City of Oswego*, 191 N. Y. 441, 444; *Cogan* v. *Burnham*, 175 Mass. 391; *Barclay* v. *City of Boston*, 167 Mass. 596; *Barclay* v. *City of Boston*, 173 Mass. 310.) It is not necessary now to determine the age at which the first period ends and that at which the final period begins; indeed they might differ with the facts of different cases. Certainly any child only five years old has not reached such maturity and capacity either physical or mental that he would seek to know his rights or could understand them if stated or apprehend the need of searching out or enforcing any legal remedies because of their invasion.

Our conclusion is not in accord with the rule enforced in some jurisdictions that infants are not excepted from the operation of the statutory requirement and that the

mere fact that the injured person is an infant is not sufficient to excuse failure to give the statutory notice. (*Peoples* v. *City of Valpariso*, 178 Ind. 673; *Hoffmann* v. *Milwaukee El. R. & L. Co.*, 127 Wis. 76; *Morgan* v. *City of Des Moines*, 60 Fed. Rep. 208; *Davidson* v. *City of Muskegon*, 111 Mich. 454.) In certain of those jurisdictions, if not in all, the rule that mental and physical inability excuses non-compliance with the statute does not obtain. The conclusion here reached is, as appears from our prior decisions already cited, within the legislative intention and is just.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, MILLER and CARDOZO, JJ., concur; HISCOCK, J., absent.

Judgment affirmed.