Antoinette F. Russo, an Infant, by Carmine Frele, Her Guardian ad Litem, Respondent, *v.* The City of New York, Appellant.

(Submitted January 5, 1932, decided February 9, 1932.)

*Arthur J. W. Hilly*, Corporation Counsel (*J. Joseph Lilly, Charles E. Ramsgate* and *Edward A. Gobel* of counsel), for appellant. The voluntary discontinuance on December 7, 1927, of the action commenced by the infant plaintiff on October 24, 1925, barred the commencement, on August 28, 1928, of the present action for the same cause. (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Matter of Grout*, 105 App. Div. 98; *Tolchinsky* v. *City of New York*, 164 App. Div. 636; 220 N. Y. 633; *Ward* v. *City of Troy*, 55 App. Div. 192; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316; *Sweeney* v. *City of New York*, 225 N. Y. 271; *Casey* v. *City of New York*, 217 N. Y. 192; *Fitzpatrick* v. *City of New York*, 220 App. Div. 320; *Thomann* v. *City of Rochester*, 256 N. Y. 165; *McKnight* v. *City of New York*, 186 N. Y. 35; *Lord & Burnham Co.* v. *City of New York*, 251 N. Y. 198; *Matter of City of New York* [*Elm Street*], 239 N. Y. 220; *Diehl, C. E., Inc.*, v. *City of Lackawanna*, 233 App. Div. 348; *Bannister* v. *Michigan Mut. Life Ins. Co.*, 111 App. Div. 765.) The plaintiff's action was not commenced within the time limited by law. (Civ. Prac. Act, § 49; Laws of 1886, ch. 572; *Vance* v. *Vance*, 108 U. S. 514; *Morgan* v. *City of Des Moines*, 60 Fed. Rep. 208; *Baker* v. *Town of Manitou*, 277 Fed. Rep. 232; *Hurley* v. *Town of Bingham*, 63 Utah, 589; *Szroka* v. *Northwestern Bell Telephone Co.*, 171 Minn. 57; *Gold* v.

*City of Kingston*, 210 App. Div. 523; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Schieffelin* v. *Hylan*, 236 N. Y. 254; *Stein* v. *Dunne*, 119 App. Div. 1; 190 N. Y. 524; *Manning, Bowman & Co.* v. *Keenan*, 73 N. Y. 45; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Casey* v. *City of New York*, 217 N. Y. 192; *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91; *Rogers* v. *Village of Port Chester*, 234 N. Y. 182; *Lord & Burnham Co.* v. *City of New York*, 251 N. Y. 198; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *Eagle-Pilcher Lead Co.* v. *Mansfield Paint Co.*, 201 App. Div. 223; *Zouch* v. *Parsons*, 3 Burr. 1794.)

*David C. Broderick, David M. Fink* and *Jacquin Frank* for respondent. Section 261 of the Greater New York Charter and chapter 572 of the Laws of 1886 are not binding on the infant plaintiff, except in so far as covered by the charge of the court. This issue of fact having been determined by the jury in the infant plaintiff's favor, cannot be disturbed. (*Casey* v. *City of New York*, 217 N. Y. 192; *Brown Paint Co.* v. *Reinhardt*, 210 N. Y. 162; *Sweeney* v. *City of New York*, 225 N. Y. 271; *Murphy* v. *Village of Ft. Edward*, 213 N. Y. 397; *McKnight* v. *City of New York*, 186 N. Y. 35; *Winter* v. *Niagara Falls*, 190 N. Y. 198.)

POUND, J. The jury has found that the infant plaintiff was seriously injured on July 24, 1925, through the negligence of the defendant, The City of New York, when she was fourteen years of age. The question of law is whether she has lost her right to recover by reason of non-compliance with the provisions of sections 149 and 261 of the Greater New York Charter (Laws of 1901, ch. 466, amd. L. 1912, ch. 452; L. 1917, ch. 401) and of Laws of 1886, chapter 572, relative to filing notice of claim and notice of intention to sue, appearance before the Comptroller for examination and commencement of suit, and

of the provisions of the Statute of Limitations. (Civ. Prac. Act, §§ 23, 49, 60, 201.)

These statutes have to do, *first*, with the right to maintain a cause of action against the city of New York. They require the service on the Corporation Counsel of notice of intention to sue within six months and the commencement of the action within one year after the cause of action accrued; the presentation of the claim to the Comptroller of the city for adjustment and the appearance of the claimant before the Comptroller on notice for examination touching the claim. In this case notice of claim and intention to sue were duly served on the defendant's Comptroller and Corporation Counsel. She was thereafter duly notified to appear for examination by the defendant's Comptroller. She made default in appearing and her default was noted on October 7, 1925.

On October 24, 1925, she began an action by her guardian *ad litem* against the city which was voluntarily discontinued by her because of such default on December 7, 1927, when it was about to be reached for trial.

On December 13, 1927, she served a second notice of claim and of intention to sue and appeared before the Comptroller for examination and on August 28, 1928, she began the present action. This was over three years and one month after the accident. While the second notices are set forth in the complaint as the basis of this action, the fact that the earlier notices were served was not questioned by the defendant on the trial.

The defendant moved to dismiss the complaint for failure to comply with the provisions above referred to, including the general provisions of the Statute of Limitations.

The trial justice left to the jury the question whether plaintiff was physically and mentally able to comprehend and comply with the statutes. One fact is obvious, that she did literally comply with such statutes so far as notice of claim and intention to sue is concerned. It is necessary

for her only to excuse her failure to appear for examination before the Comptroller. Her counsel on the trial conceded that she was duly notified to appear and was in default. The question was properly presented to the jury. (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.)

There are three periods of infancy to be considered in this connection. As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. No exact limitation of these periods by age can safely be made and the classification may depend to some extent on the facts in a given case, but it is the age and capacity of the infant rather than the conduct of its parents and guardians which control.

" It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy." (*Murphy* v. *Village of Fort Edward, supra*, p. 403.)

Here the plaintiff was a witness in her own behalf and the jury had not only her age but her appearance to aid them in arriving at their conclusion. No claim can be made that a little girl of fourteen when served with a notice to appear before the Comptroller for examination should as matter of law be held to the strict requirements of the statute, even though a notice of claim and intention to sue had been previously filed on her behalf.

Next we have to consider the general statutes of limitation in their application to the case. While the statutory requirements for the presentation of claims, service of intention to sue and appearance for examination

are not suspended during infancy and the infant when he does sue must allege and prove compliance therewith or establish facts excusing his non-compliance (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198), the provision that the action must be commenced within one year after the cause of action accrues is not in the nature of a Statute of Limitations which runs during infancy. An injured infant having a right of action need not wait until reaching full age before beginning such action (Civ. Prac. Act, § 201), but when the infant is entitled to maintain the action the time of disability by reason of infancy is not a part of the time limited for the commencement of the action. (Civ. Prac. Act, § 60.) Plaintiff had one year after the disability of infancy ceased in which to begin her action. (*McKnight* v. *City of New York*, 186 N. Y. 35.)

Civil Practice Act, section 23, which permits a new action to be brought within one year after a reversal, applies only to cases where without this saving clause the action would be barred by the Statute of Limitations. Here, because of the disability of infancy, the bar of the statute never became effective.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.