Larkin, J.
This action is in negligence. It is predicated on an accident sustained by the infant plaintiff on February 20, 1944, while skating at a rink owned and operated by defendant. No notice of the child’s claim was given to defendant until August 21, 1944, when a properly verified claim, and, also, notice of intention to sue, were served by the guardian ad litem appointed in July 1944, to represent her. At the time she sustained her injury the infant was barely ten years old. Plaintiff ha*? a verdict. From the judgment entered defendant *20 appealed. No question is raised by appellant except the trial court’s refusal to grant its motion to1 dismiss, based on the failure to present the child’s claim within the thirty day period prescribed in the defendant’s charter for the presentation of claims for personal injuries.
At the time of the accident section 632 of chapter 755 of the .Laws of 1907, the Charter of the City of Rochester which is section 421 of the Municipal Code of the City of Rochester read, insofar as pertinent to the question involved herein, as follows: “ All claims against the city for damages or injuries to person * * * of every name and nature whatsoever * * * arising at law or in equity * * * because of any misfeasance, nonfeasance, negligence, omission of duty, wrongful act, fault or neglect on the part of the city or any of its agents * * * must be' presented to the common council and the corporation counsel, in writing, within thirty days after such damage, or injuries to persons or property were sustained. * * * No action may be maintained for damages or injuries to persons or property caused as, or sustained as aforesaid unless the claim therefor is presented to the common council and corporation counsel within thirty days and notice of intention is served upon the corporation counsel within six months * * *. This section applies to claims of infants and all other persons.”
It is the position of the appellant that this section, by reason of the sentence therein, “ This section applies to claims of infants and all other persons ’ ’, clearly indicates that the Legislature intended that infants, as well as those who might be mentally or physically unable to comply vith the requirements of the section, were barred unless they presented, within thirty days from the date of the accident, a claim for injury. It is appellant’s position that the language of the Charter of the City of Rochester differentiates it from the charter provisions considered by our courts in Walden v. City of Jamestown (178 N. Y. 213); Winter v. City of Niagara Falls (190 N. Y. 198); Forsyth v. City of Oswego (191 N. Y. 441); Murphy v. Village of Fort Edward (213 N. Y. 397), and Russo v. City of New York (258 N. Y. 344).
The difficulty with appellant’s argument is that it seems to ignore the underlying basis of the applicable New York rule which, it may be conceded, is at variance with that of many other American jurisdictions. When a typical decision, such as Murphy v. Village of Fort Edward (supra) is examined the true reason for our rule will be seen. It is not that the statutory lan *21 guage, as to serving notice of claims, does not apply to infants and those mentally or physically incapacitated to give notice. Our courts, on the contrary, have always recognized that these requirements did apply to such claimants. This is made clear by the opinion of Judge Collin in the Murphy case {supra). That feature is particularly emphasized when he quotes, with approval, from the opinion of Judge Gray in the Winter case (supra) and that of Justice Spring, who wrote the prevailing opinion of the Appellate Division in the same cause. The quotation from Judge Gray’s opinion is: “ The plaintiff was eighteen years of age and, so far as the complaint showed, presumably, was' able to cause a claim to be filed, and the statute makes no exception as to persons.” Justice Spring said: “ If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable. ’ ’ Indeed the very decision in the Winter case demonstrates that a general provision in a statute requiring service of notice upon municipalities, applies without special mention to infants. Perhaps in no opinion is the real foundation of our rule of construction more succintly expressed than in Walden v. City of Jamestown (supra 217, 218), where Judge E. T. Bartlett stated: “It is an accepted maxim that the law does not seek to compel a man to do that which he cannot possibly perform. (Broom’s Legal Maxims [4th ed.], 178.) And this reasonable rule has been applied in many cases. (Harmony v. Bingham, 12 N. Y. 99; Matthews v. American Central Ins. Co., 154 N. Y. 449, 463; Herter v. Mullen, 159 N. Y. 28, 39, 43; Buffalo & L. Land Co. v. Bellevue L. & I. Co., 165 N. Y. 247, 254.) ”
Reaching, then, the conclusion that none of the New York decisions excusing an infant from strict compliance with the statutory requirement of a charter necessitating service of notice of claim for injury, was based on the thought that the particular section did not, by its language, apply to infants, it seems only reasonable to conclude that the sentence found in the section of the Charter of the City of Rochester, here considered, was merely surplusage and added nothing to its scope. We have here no such statute as section 50-e of the General Municipal Law, added by chapter 694 of the Laws of 1945, in which, by subdivision 5 of the section, it is specifically provided that where the claimant is an infant, or is mentally or physically incapacitated to serve the notice within the time limited by the *22 section, for the service thereof, the court may, provided the application be made within one year after the happening of the accident, give leave to the incapacitated claimant to serve the notice although the period, provided by the section itself, for service has expired.
Neither is Phillips v. County of Los Angeles (140 Cal. App. 78), hearing " denied by the Supreme Court, upon which appellant places much reliance, when viewed in its true setting, really an authority for defendant’s position. California is one of the jurisdictions, the courts of which have refused to follow the humanitarian rule of New York in reference to the obligation of incapacitated persons to comply with statutory requirements for the service of notice of claims. While apparently it was not until 1942, in Artukovich v. Astendorf (21 Cal. 2d 329), that the Supreme Court of California, by a divided court, decided that a statutory provision, requiring in general terms, presentation of claims to a political subdivision by any claimant applied, strictly, regardless of age, mental or physical condition, still prior to that time there had been many decisions of the District Court of Appeal, the intermediate Appellate Court of California, in which that holding had been made. Moreover when the opinion in the Phillips case is examined it will be seen that the decision was not based on the particular language quoted therein from the statute, but rather that the decision was deemed to be fortified by it. It therefore follows that the California decision, enunciated in a jurisdiction where the rule has always been, and now is, fundamentally opposed to our own, is of little weight.
For the foregoing reasons the judgment should be affirmed, with costs.
All concur.
Present — Taylor, P. J., Dowling, Harris, MoCurn and Larkin, JJ.
Judgment affirmed, with costs. [See 270 App. Div. 1076.]