In the Matter of EVERETT CURTIN, as Guardian ad Litem of ARLENE M. CURTIN, an Infant, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, October 17, 1949.

*William I. Cohen* for petitioner.

*John P. McGrath, Corporation Counsel* (*Herman Schechter* of counsel), for respondent.

POWERS, J. Application is made on behalf of an infant for leave to file a late notice of claim against the defendant municipality

pursuant to the provisions of section 50-e of the General Municipal Law. The facts disclosed by the motion papers are that the infant, then five years of age, sustained severe injuries on June 28, 1948, when she was caused to fall into a large depression in front of premises evidently owned or controlled by the defendant. Of the latter fact the infant's parents were unaware, according to the father and guardian ad litem, who makes the present application. The latter states, however, that the mother reported the accident to the office of the manager of the building where she was informed that there was insurance coverage and that a representative of the insurance company would be in touch with her. Subsequently this was done and a physical examination was had of the infant. The parents, it would seem were further lulled into inactivity by assurances given to them by the persons with whom they were in contact as aforesaid, that '' the matter would probably be settled ''.

Nothing further eventuated, however, and when the parents sought legal advice in the spring of 1949, they found that the cause of action was one, not against a private individual or corporation, but against the City of New York, and that the time within which a notice of claim should have been served, in ordinary course, had expired.

An order appointing the infant's father guardian ad litem was procured on July 28, 1949, more than one year after the injuries as aforesaid were sustained.

Defendant's opposition to this motion is based on the assertion that '' the failure to serve a notice of claim within the statutory period upon the City was not due to any disability by reason of infancy or mental or physical incapacity, but solely to the neglect of the father who is the guardian of the infant, in filing a notice of claim within the statutory period.''

Defendant further argues: '' Your deponent respectfully submits to the Court that the father of the infant was guilty of laches inasmuch as he has attempted to file a notice of claim over fifteen months after the accident occurred. It would be highly prejudicial to conduct an investigation at this late stage and surely the City cannot be penalized because of the neglect of the guardian. The guardian, in his moving papers, claims that he had negotiations with an insurance company with respect to this accident. It appears from his papers that because he was unsuccessful in his negotiations, he is attempting to file a claim against the City in behalf of the infant at this late stage. The moving party's papers do not contain a proposed notice of claim and it is respectfully submitted to this Court that their papers are defective.''

To permit defendant's views to prevail on the technical grounds asserted, under the circumstances shown, would, in my view, be a perversion of justice and one which, fortunately, our statutes and decisional law, in wise protection of the rights of infants, aim to prevent.

The argument that the failure to file a notice was not due to any disability of infancy but to the asserted laches of the guardian ad litem is cogently answered in *Murphy* v. *Village of Fort Edward* (213 N. Y. 397) where at page 401 it is stated: " The infant is the real party although he sues by the guardian *ad litem* ", and, at page 403, where it is stated: " It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy."

As pointed out also in such case, under the decisional law in this State which has merely been codified by the statute (see Tenth Annual Report of N. Y. Judicial Council, 1944, p. 263, *et seq.*) the infant herein is of that group whereof it is held that " the strict limitation of the statute should not be raised against him " (*Murphy* v. *Village of Fort Edward, supra,* p. 402; see, also, *Russo* v. *City of New York,* 258 N. Y. 344, 348).

Nor is the " one year after the cause of action accrues  *  *  * in the nature of a Statute of Limitations which runs during infancy " (*Russo* v. *City of New York, supra,* p. 349).

The claim, in effect, that the defendant is without the benefit of early knowledge of the accident and opportunity to make its investigation, seems to be, in the light of matter above adverted to, a further technicality (cf. *Russo* v. *City of New York, supra,* p. 347), as is the argument that the motion papers are defective in that they fail to include a proposed notice. It would have been preferable had they done so, but if the one served is in any manner insufficient, except as to time, the defendant would, of course, be within its rights to reject or disregard same.

The motion, accordingly, is granted, the notice to be served within ten days from the entry and service of the order hereon. Nothing in the conclusion reached is, in my opinion, in conflict with the views expressed by our Appellate Division in *Matter of Martin* v. *School Bd. of Union Free Dist., Long Beach* (275 App. Div. 1042) where the infant was twelve years of age, and the affirmance was stated to be without opinion, nor in *Matter of Nori* v. *City of Yonkers* (274 App. Div. 545) where the infant was twenty years of age and the facts were materially different.

Submit order on three days' notice.