Wenzel, J.
(dissenting). Prior to the enactment of section 50-e of the General Municipal Law in 1945 (L. 1945, eh. 694, § 1), the various statutes which required the presentation to a municipality of a written notice of claim as a condition precedent to the commencement of an action against it for personal injuries, contained no provision under which the court could, on a motion prior to the commencement of such action, excuse a failure to present the notice within the respective times limited —not even where the claimant was an infant. (See Tenth Annual Report of N. Y. Judicial Council, 1944, p. 269.) Nevertheless, infant claimants who found themselves in the unfortunate position of not having filed their notices within time were permitted to proceed to judgment on the theory that the “provision is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement, or of an excuse for delay in performance, when caused by the inability of the injured person to comply ”, and that it “ cannot * * * be justly held * * * that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy ”. (Murphy v. Village of Fort Edward, 213 N. Y. 397, 401, 403; Russo v. City of New York, 258 N. Y. 344.)
In the cited eases it was stated that, as a matter of law, the statutory requirements must be enforced against infants of “ riper years ”, or those in their “ final period ” of infancy, and may not be enforced against “ immature infants ”, or those within “ a first period of infancy ”, leaving the question as to infants in “a middle period” to the triers of the facts; and it was held that a five-year-old child was in the “first period” and a fourteen-year-old child was not in the “ final period ”. Despite this avenue of escape for certain infants from a harsh situation, “far too often technicalities in this field have prevented the disposition of honest claims on their merits ” and, accordingly, the Judicial Council recommended the enactment of a bill “ designed to remedy these and other defects ”. (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265.) Section 50-e was the result.
Opinion is divided as to whether the statute as enacted codified “the decisional law of New York.” (See majority and dissenting opinions, pp. 547, 550, in Matter of Nori v. City of Yonkers, 274 App. Div. 545.) However that be, it is my opinion that it was not the intention of the Legislature to withdraw from certain infants the course laid open to them under the doctrine of the Murphy and Russo eases (supra). Otherwise interpreted, the statute would constitute the very “trap for the unwary and the ignorant” (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265), which has been abhorred.
It is my view that the section merely provides, among other things, an additional form of procedure, pursuant to which an infant may procure a judicial determination curing his omission before undertaking what may be expensive and otherwise burdensome litigation, provided he makes the appropriate application within the time prescribed therefor, “ within the period of one year after the happening of the event upon which the claim is based * * * [and] prior to the commencement of an action ”. Perforce, such statutory time limitation applies only to the application to be made to the discretion of the court at Special Term, and not to the issues which may be determined at the trial in accordance with the Murphy and Russo cases (supra).
*857 Here, it is alleged in the complaint that the infant plaintiff is “over the age of 18 years”, and that the injuries were sustained on or about October 23, 1946. Since the complaint was verified on March 24, 1949, it may be assumed that the plaintiff was approximately fifteen years of age at the time of the accident. Her notice of claim was presented in December of 1948, albeit without leave of the court. It is further alleged that the lateness was due to the fact that she “was physically and mentally unable because of her infancy, to comprehend the statutory requirement of filing a notice of claim ”, and that she did not fully realize the extent and seriousness of her injuries until the statutory time limitation had passed. Although she was about a year older than the infant in the Russo case (supra), I do not think that it may be said as a matter of law that she was of the “ riper years ” and that the triers of fact may not pass on the issue as to whether the strict requirement of the statute should be enforced against her.
The order of December 2, 1947, was made upon an application pursuant to the statute, the application having been denied on the ground that it had not been made within a year after the time of the happening of the accident. In accordance with the views above set forth, the function of the Special Term on such motion was distinct from that of the triers of fact on a trial. In addition, the power of the triers of fact is not limited in time. Accordingly, the said order is not determinative of the issue at hand.
The order should be reversed and the motion denied.
Johnston, Acting P. J., Adel, Sneed and MaeCrate, JJ., concur in decision; Wenzel, J., dissents and votes to reverse the order and to deny the motion, with opinion.
In an action by an infant to recover for personal injuries sustained as a result of a fall on a sidewalk in the city of Mount Vernon, order striking out the summons and dismissing the complaint on the grounds that the complaint does not state a cause of action and that the issues referred to in the complaint had been determined by an order made by the County Court of the County of Westchester on December 2, 1947, affirmed, without costs. Ho opinion.