Cohn, J.
On February 14, 1947, John Francis Moore sustained severe head injuries allegedly through negligence attributable to the City of New York. As a result, it is claimed that he became mentally incompetent. He was admitted to Bellevue *586 Hospital, and thereafter transferred to the Veterans Division of the Kings Park State Hospital by order of the Supreme Court upon an adjudication of insanity. Alice Moore, his wife, was duly appointed committee of his person and property on February 2, 1948. She qualified as committee on March 13, 1948.
On March 25, 1948, she applied to the Supreme Court for permission to serve and file on behalf of her husband a notice of claim with the comptroller of the city of New York pursuant to section 50-e of the General Municipal Law. The court in the order appealed from denied the application on the ground that it was barred by statute since more than one year from the date of the accident had elapsed.
In cases where liability in tort is asserted against a public corporation, as a condition precedent to the commencement of an action, section 50-e of the General Municipal Law as amended by chapter 694 of the Laws of 1945 requires the service of a notice of claim within sixty days after it arises, setting forth the nature and details of the claim. By subdivision 5 of the same section it is provided: “ Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one ” but that “ Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim.”
The law does not seek to compel a man to do that which he cannot possibly perform. (Broom on Legal Maxims [4th ed.], p. 178.) In this State this rule has been made the basis for the principle that physical or mental incapacity of such a character as to render it impossible to give notice within the prescribed time constitutes a sufficient excuse for failure to comply with statutory provisions of the kind under consideration. (Murphy v. Village of Fort Edward, 213 N. Y. 397, 402; Walden v. City of Jamestown, 178 N. Y. 213, 217; Staszewski v. City of Rochester, 271 App. Div. 19, 21, affd. 296 N. Y. 705.)
*587 Every person is entitled to his day in court and under the circumstances which are set forth here, a claimant’s access to the courts for damages suffered through a wrong perpetrated by a municipality should not be denied him because a strict compliance with the statute is rendered impossible by virtue of the injury thus sustained.
Nor should such a claim be barred because an incompetent or some one in his behalf has failed within the required time to comply with the statutory requirements for serving the necessary notice of claim. An incompetent is a ward of the court and before he can sue or be sued, a committee must be appointed to safeguard his interests. (Civ. Prac. Act, §§ 1356, 1358; Finch v. Goldstein, 245 N. Y. 300.) Though no committee or guardian had been appointed, the court, under its inherent powers is nevertheless in duty bound to protect the rights and interests of a litigant where incompetency exists. (Wurster v. Armfield, 175 N. Y. 256, 262; American Mtge. Co. v. Dewey, 106 App. Div. 389, 392.)
In analogous cases involving infants, our courts have held that immature infancy as a matter of law constitutes a condition of physical and mental inability which excuses compliance with the statutory requirements and the rights accorded by law to such infants are not forfeited because a parent fails to comply with the statute. (Russo v. City of New York, 258 N. Y. 344, 348; Murphy v. Village of Fort Edward, supra, p. 402; Winter v. City of Niagara Falls, 190 N. Y. 198.) In Matter of Hector v. City of New York (193 Misc. 727), the court (Froessel, J., now Judge of the Court of Appeals) in granting an application under this very statute on behalf of an infant-eight years of age, though made two years after the occurrence of the accident, stated (p. 729): “ In my opinion, section 50-e of the General Municipal Law was not intended to limit the power of the courts to grant relief in the case of infants of tender years. Such a construction of the statute would be utterly unreasonablé, and would be virtually tantamount to depriving such infants of a right of action for personal injuries. We are not dealing here with an adult, nor with an infant of mature years, nor with an infant in the border years, who may or may not be found to have the physical and mental capacity to file his claim. In the case at bar, the infant was but eight years old. As was said in Russo v. City of New York (supra, p. 348): ‘Asa matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less.’ ”
*588 Municipal liability for injuries is, of course, a matter within the control of the Legislature and the requirement that claims against a municipal corporation be presented within a specified time is a reasonable one (Thomann v. City of Rochester, 256 N. Y. 165, 170). However, a provision such as the one before us “ is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement, or of an excuse for delay in performance, when caused by the inability of the injured person to comply.” (Winter v. City of Niagara Falls, supra, p. 203.)
Though the committee of his person and property herein did not qualify until March 13, 1948 (some thirteen months after the accident), the incompetent may not be held accountable for such delays. The application for permission to serve and file a notice of claim with the comptroller of the city of New York was made on March 25, 1948, twelve days after the committee had duly qualified. Upon the facts set forth in the moving papers there was ample excuse shown, due to plaintiff’s mental incapacity, for failure to comply with the requirements of the statute. The application for leave to file the notice should have been granted though more than a year since the date of the accident had elapsed.
If the City of New York challenges the existence of plaintiff’s mental incapacity to comply with the statute, such issue, if appropriately raised by answer, becomes one of fact to be determined by a jury upon the trial of the main action. (Russo v. City of New York, supra, p. 347.)
The order should be reversed and the application of the committee to serve and file a notice of claim with the comptroller of the city of New York in behalf of the incompetent should be granted.