In the Matter of BETTE GADDIS, an Infant, by RUTH GADDIS, Her Guardian ad Litem, Petitioner, against BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 OF AVERILL PARK, Respondent.

Supreme Court, Special Term, Rensselaer County, April 10, 1951.

*Henry H. Koblintz* for petitioner.

*Bernard Simon* for respondent.

TAYLOR, J. The motion in behalf of the infant seeks leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law. The brief of counsel deals also with the right of her parent to similar relief.

It appears that the infant claimant who is either fourteen or fifteen years of age, depending on whether the allegations of the moving affidavit or of the notice of claim are adopted, suffered personal injuries on October 19, 1950, as a result of the alleged tortious acts of the operator of a school bus owned by the board of education of Central School District No. 1 of Averill Park, New York, in which she was riding as a passenger. A guardian ad litem to prosecute her claim was appointed on December 6, 1950. The notice of motion was served January 29, 1951, or twelve days after the statutory period within which the notice of claim might have been timely served had expired.

Opposition to granting the motion is based on the contentions that the moving affidavit is insufficient to justify a finding that failure to file the notice of claim within the time limited therefor resulted by reason of the disability of infancy and that the delay of fifty-four days between the date on which the guardian ad litem was appointed and the date on which the notice of motion and notice of claim were served, not being adequately explained, constitutes a bar.

Prior to the enactment of section 50-e, the design of which was stated to be the codification of the "decisional law of New York" (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 269), the construction by courts of the statutes requiring the filing of statements or notices of claim against public corporations within prescribed periods as conditions precedent to the institution of actions as they pertained to infants turned on the degree of their infancy. As a matter of law relief from the strict application of such statutes was accorded "immature infants" and was denied infants "of riper years" not unduly disabled by their injuries. Immature infants were defined as those approximately ten years of age or less and infants of riper years as those eighteen or more years of age. Infants between those two age groups were considered to be in a middle period to whom the absolute and unyielding provisions of such statutes might or might not be applied, the determination of which being a question for the jury upon the facts of each case. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Russo* v. *City of New York,* 258 N. Y. 344; *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397.)

In the period since the enactment of the statute an infant twelve years of age has been held to have been disabled by reason of infancy within its meaning. (*McVeety* v. *City of New York,* 87 N. Y. S. 2d 631 [1949].) During the same period an infant of the age of twenty years was held so not to have

been disabled. (*Matter of Nori* v. *City of Yonkers*, 274 App. Div. 545 [1948], affd. 300 N. Y. 632.) As in the *McVeety* case (*supra*) it is not claimed here that the infant was of sufficient age and ability to comply with the statute with respect to the preparation and service of a notice of claim without the aid of her parent and guardian ad litem. The latter's neglect cannot afford a basis for the forfeiture of the infant's rights where her nonperformance can be excused because of immature infancy. (*Murphy* v. *Village of Fort Edward, supra*.) Essentially the delay here in serving the notice of claim was attributable to the infant's failure to understand and comprehend the obligations which the statute imposed in respect of her claim and to her inability to fulfill those obligations by reason of her infancy and immaturity under which circumstances the protective features of the remedial statute must be invoked to preserve her rights in the proper exercise of judicial discretion.

The delay in making this application was not so unreasonable as to bring it within the class of decisions in which *Matter of Ruskin* v. *City of New York* (271 App. Div. 934) is typical. Here the application was made twelve days after the date limited by statute for serving the notice of claims had expired. Such may not be considered unreasonable nor may the disability of infancy under which the claimant labored be deemed at that time to have ceased.

If the notice of motion herein through its omnibus clause may be deemed to include an application by the parent for leave to file a notice of claim for expenses incurred in connection with the infant's injuries, there is no showing of any legal excuse for noncompliance by her with the provisions of the statute and her application must be denied.

The infant's application is granted provided a notice of claim is served within ten days after the date of the entry of the order hereon.

Settle order on three days' notice.