Henry A. Hudson, J.
This is an application by the Town of Hastings for an order dismissing the claims and complaints of the plaintiffs in the three above-entitled actions, on the ground that the notices of claim were not filed within the statutory period provided under section 50-e of the General Municipal Law and that no application for leave to serve a late notice had been made within one year after the happening of the alleged event upon which the claims were based.
The infants, Jean M. Ward and Joan Ward make their claim through a guardian ad litem, their mother. The third action is by the father, William C. Ward for damages. It has been conceded by the attorney for plaintiffs that the claim of the father, William C. Ward, cannot be allowed.
The accident out of which these actions arose took place on December 6,1953 in the town of Hastings, Oswego County, New York when a car owned by Mahlon Horning and driven by Ward C. Beley with the owner’s permission, in which the infants, Jean M. and Joan Ward were riding as passengers, went out of control, left the highway on a curve approximately one mile north of the village of Mallory, on the town highway and rolled over causing injuries to the aforesaid infants. Notices of claim were served upon Omar J. Matthys, supervisor of the Town of Hastings on behalf of the infants, on July 6, 1954. The notices of claim were not returned.
The affidavit submitted by plaintiffs’ attorney sets forth the fact that he was not retained as attorney for the plaintiffs until June, 1954; that on June 26, 1954 he secured the appointment of a guardian ad litem in the case of each infant; that on July 6, 1954 he prepared and caused to be served upon Omar J. Matthys, supervisor of the Town of Hastings, notice of claim on behalf of the infants. No application was made by the attorney for said infants for leave to file late claims on their behalf.
Plaintiffs’ attorney contends that a motion was made on October 28, 1954 by the attorney for the defendant, Town of Hastings, for a dismissal of the complaints on the ground, among other things, that notice had not been served upon the town within 90 days after the accrual of the action as required by section 50-e of the General Municipal Law. Plaintiffs’ attorney in his affidavit sets forth the following information relative to said motion: ‘‘ VI. That thereafter your deponent discussed the matter with the defendant’s attorney and advised him that he realized that the claim of the father, William Ward, could not be allowed, but that the claim of the infants was allowable in the discretion of the Court, and that your deponent understood at such time from his conference with the said *653 Edward F. Crawford, Jr., that if he would agree to a dismissal of the claim of the father, the said Edward F. Crawford, Jr., would agree that the claim of the two infants in this matter be allowed to stand, and your deponent requested the said Edward F. Crawford, Jr., to prepare stipulations to that effect so that the order could be secured confirming such arrangement, and that, therefore, your deponent has not before made formal application to this Court for permission to file untimely claims on behalf of said infants since he believed it would be allowed by defendant’s counsel by stipulations.” In the memorandum submitted by the defendant’s attorney this statement is denied.
The instant motion was made on or about March 29, 1955 returnable April 4, 1955 for an order dismissing the claims and complaints of the plaintiffs as against the defendant, Town of Hastings.
It is urged by the attorney for the plaintiffs that this motion is a continuation or adjournment of the prior motion and although no cross motion was made for permission to file a late claim pursuant to subdivision 5 of section 50-e, plaintiffs’ attorney in his answering affidavit requests permission to file a claim on behalf of the infant plaintiffs as a late claim. The court has no record of any notice having been made or of any motion being returnable at Oswego, New York on November 8, 1954. In view of the fact that the papers which were submitted on this motion are not sufficiently clear to permit a determination as to whether a motion was or was not made on November 8, 1954 and the present motion was noticed for and was argued before the court on the 4th day of April, 1955, this motion must be decided upon the basis that that was the return day thereof.
The sole question for determination upon this motion is whether the enactment of section 50-e of the General Municipal Law contained in chapter 694 of the Laws of 1945 should be interpreted to permit a liberal construction of the restrictions upon applications for the filing of a late claim. Such applications are limited by subdivision 5 of section 50-e specifically to a period of one year after the happening of the event upon which the claim is based. Prior to the enactment of the 1945 statute there are many decisions which permit a liberal interpretation of the various statutes so as to permit infants under 12 years of age to file their claims after the expiration of one year where there was reason to believe that the claim was legitimate and where the court was satisfied that in the sound exercise of its discretion such relief should be granted. Decisions may be found holding both ways up until the determination of the Court of Appeals in the case of Matter of *654 Martin v. School Bd. of Union Free Dist. No. 28, Long Beach (301 N. Y. 233). In that case, Judge Desmond, writing for the majority of the court, held specifically that the one-year limitation fixed by subdivision 5 of section 50-e limited the right of the courts to allow the late filing of a claim after the expiration of one year. The present law of this State seems to be well settled in the language of Judge Desmond, at pages 238-239:
“ This history of the gestation and birth of this statute, seems necessary by reason of contentions now made that, despite the statute’s plain language, and despite its specific provisions as to infants and others under disability, nevertheless, so we are told, it is still the law that, long after the end of the one-year period limited by subdivision 5 of section 50-e, a court may still permit late filing, by an infant. The short answer is that the Legislature has seen fit to deny such a power to the court, and that the Legislature had the undoubted right so to do (Winter v. City of Niagara Falls, 190 N. Y. 203).
“ References to the cases, such as Murphy v. Village of Fort Edward (213 N. Y. 397) and Russo v. City of New York (258 N. Y. 344, supra) decided before section 50-e became the law, are helpful only to show what the law was before September 1,1945. The Legislature, which was, actually as well as theoretically, familiar with those decisions, and which had before it the Judicial Council’s recommendation that those decisional rules be made statutory, nevertheless, deliberately, and after delay, consideration and compromise, made new and entirely different law on the subject. Wise or unwise, fair or harsh, that law is as binding on the courts as it is on this petitioner and on everyone else.”
The defendant’s motion as to the action of William C. Ward is granted. The defendant’s motion as to the infants, Jean M. and Joan Ward, is granted without prejudice to the right of such infants to present to the court satisfactory proof by affidavit that a motion was made on November 8, 1954 for the same relief requested in the motion made April 4, 1955 and that such motions should be considered as one and the same motion so that relief could be granted to the infant plaintiffs upon the basis that the motion made on November 8, 1954 would have been within one year after the happening of the event upon which the claim is based. The motions are granted, without costs.
Order accordingly.