■ In the Matter of RICKIE GIBSON, an Infant, by His Mother and General Guardian, GERTRUDE GIBSON, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding under section 608 of the Insurance Law, by "Rickie Gibson, an infant, by his mother and general guardian, Gertrude Gibson," to compel the Motor Vehicle Accident Indemnification Corporation to accept a late affidavit and notice of intention to make a claim against it, the MVAIC appeals from an order of the Supreme Court,

Kings County, dated January 22, 1964, which granted the application. Order affirmed, with $10 costs and disbursements. The infant claimant was four years old at the time of the accident. As a matter of law, a claimant of such age is excused for his failure to comply with the statute requiring the notice to be filed within 90 days after the accident. With respect to such a claimant, neither the retention of an attorney within the 90-day period nor the attorney's failure to file the notice within the time prescribed is material (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Natoli* v. *Board of Educ. of City of Norwich*, 277 App. Div. 915, affd. 303 N. Y. 646). The amendment to section 608 of the Insurance Law, effective September 1, 1963, extended the time of a claimant to apply to the court for leave to file a late affidavit from 120 days to one year after the accident. Such amendment is applicable to this case because the original limitation period of 120 days had not expired on the effective date of the amendment (*Watson* v. *Forty-Second St., etc. R. R. Co.*, 93 N. Y. 522; see, also, *Matter of McCann* v. *Walsh Constr. Co.*, 306 N. Y. 904; *Matter of Dolan* v. *Flinn Corp.*, 282 App. Div. 781, affd. 306 N. Y. 906). While the caption of this proceeding and the order appealed from refer to the moving party as the "claimants" and the "applicants," and while the record contains a summons and complaint indicating that the mother of the infant asserts a separate claim on her own behalf for $1,000 for medical expenses and for loss of the infant's services, the fact is that the mother's personal claim is neither specified in the affidavit and notice of intention nor embraced in this application to compel the MVAIC to accept such affidavit and notice. Since it is only this affidavit and notice which the MVAIC is required to accept under the order appealed from, it follows that the mother's claim cannot be included. It should also be noted that, despite the plural reference to the moving party, this application was confined exclusively to the claim of the infant; it was so treated by the parties and the Special Term; it was so presented by the parties in this court; and the reasons which impelled the acceptance of the late filing on behalf of the infant would not be applicable to the claim of the mother. Hence, even if the application were deemed to include her claim, the application would have to be denied as to her in any event. Accordingly, the order appealed from and the affirmance of such order must be deemed to relate only to the claim of the infant. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.