out the transaction and settle with the defendant. But whether that be so, or not, certainly the business was not at an end at that time, but the contract was still an existing one; Mr. Kennedy still carrying the stock for the benefit of the plaintiff, and either of them having the right to put an end to it whenever they saw fit. No right of action had then accrued for the advances made by him, nor could it accrue until, by the act of one party or the other, the contract had been determined, and it had been ascertained which of the parties was indebted to the other, and the amount of that indebtedness. As the contract still existed, undetermined, up to within six years before the commencement of this action, the plea of the statute of limitations was not well taken, and the court erred in directing a verdict for the defendant upon that ground.

The case of De Cordova v. Barnum, 130 N. Y. 615, 29 N. E. 1099, is not adverse to this conclusion. In that case, instead of putting up a margin to protect the broker from loss, the customer had deposited shares of stock in the place of margin, upon the purchase of other stock of another kind. The stock, which had been bought for speculative purposes, had been sold, and the action was brought by the broker to recover the balance due to him upon the close of the transaction, which, of course, had resulted in a loss to the customer. It was claimed that the stock put up for a margin should have been sold before the action was brought for the balance, but the court held that as to that stock the parties occupied strictly and only the position of pledgor and pledgee, and that it was not necessary to sell the pledge before suing for the amount of the debt which the pledge was given to secure. The distinction between the two cases is obvious, and it is quite clear that the ruling in that case has nothing to do with the relations of the parties connected with the stock purchased for speculative purposes.

For these reasons the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(5 App. Div. 130.)

### VAN WICKLE et al. v. BARRON.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

PLEADING—AMENDMENT—IMPROPER EXERCISE OF DISCRETION.

Where it was sought to charge a stockholder with a debt of the corporation on the ground that all the stock had not been paid in and a certificate of such fact recorded as required by statute, a motion, made four years after the beginning of the action, but before it was reached on the calendar, for leave to amend the complaint by alleging that defendant's stock was not issued in payment of property necessary for the business of the company, that the only stock issued for anything except cash was that issued to the promoter of the company for services which were fraudulently overvalued, and that the stock so issued was issued for the purpose of evading the statute, was improperly denied.

Appeal from special term, New York county.

Action by Augustus S. Van Wickle and another against John C. Barron to charge defendant, as a stockholder of a corporation, with a debt of the corporation to the amount of his stock. From an order

denying a motion for leave to amend their complaint, plaintiffs appeal. Reversed.

The action was one of several brought by judgment creditors of a domestic corporation on the ground that the whole amount of the capital stock of the company had not been paid in, and a certificate thereof recorded, as required by sections 10 and 11, c. 40, Laws 1848. The amendments sought to be made were, in effect, that defendant's stock was not issued in payment for property necessary for the business of the company, and at its fair value; that there was no such property purchased, and that the only stock issued for anything except cash was $100,000 worth at par, issued to the promoter of the company for services and expenses in organizing the company; that such services were fraudulently overvalued, and the stock issued therefor was issued in bad faith, and for the purpose of evading the statute. Plaintiffs sought to recover judgment for $500 and interest. The action was commenced in January, 1892. The motion was made in April, 1896. Nothing has been done in the action beyond the service of the pleadings and placing the case upon the calendar for trial. The case has not yet been reached.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

W. P. Knapp, for appellants.
Ernest F. Eyrault, for respondent.

PER CURIAM. There can be no doubt but the court had power to allow the amendments asked for. The motion must therefore have been denied as a matter of discretion, because not made promptly enough. No other valid reason could have been alleged for the exercise of such discretion. No injury had been suffered by defendant by reason of the delay. The action had been at issue for the last four years, and had not been tried, because not yet reached upon the calendar. There seems to have been some disagreement by the different courts as to the necessity of alleging the facts sought to be inserted in the complaint in order to maintain the action. We think, under the circumstances, the amendments should have been allowed.

The order appealed from should therefore be reversed, with costs to the appellants, and the motion for leave to amend be granted, upon payment of $10 costs of motion and all costs and disbursements of the action after notice of trial.

---

(5 App. Div. 126.)

NEW YORK BANK-NOTE CO. v. HAMILTON BANK-NOTE ENGRAVING & PRINTING CO. et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

DISCOVERY—WHEN PROPER.

Under Gen. Prac. rule 14, subd. 3, providing that either party may be compelled to make discovery of any document in his possession material to, or competent evidence in, the action, plaintiff's motion for a discovery by a defendant of letterpress copies of its letters to a co-defendant, and the original answers of the co-defendant thereto, to show knowledge by defendant of plaintiff's contract with his co-defendant, was properly granted, where it appeared that plaintiff, to recover, had to show such knowledge; that the co-defendant was a foreign corporation, beyond the jurisdiction of the court; that plaintiff, by commission, had endeavored,