Mary Tedesco, Claimant, *v.* The State of New York, Defendant.

Court of Claims, December 22, 1939.

*Moses Lakin*, for the claimant.

*John J. Bennett, Jr., Attorney-General [Harold Greenstein, Assistant Attorney-General*, of counsel], for the defendant.

Ryan, J. This is an application for permission to file claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. Claimant avers that she sustained personal injuries on July 17, 1939, when an automobile in which she was a passenger collided with a truck driven by a sergeant of the New York National Guard. Claimant sustained a comminuted fracture of the right arm and was confined to a hospital for forty-seven days. She did not consult an

attorney until October 26, 1939, by which date more than ninety days had elapsed from the date of the accident. (Ct. of Claims Act, § 10, subd. 3.)

The application is addressed to the court's discretion. A reasonable excuse is essential. (*Schroeder* v. *State*, 252 App. Div. 16.) The requirement for filing notice of intention is not a statute of limitation. (*Baronness* v. *State*, 153 Misc. 212.) It is true that where there was a substantial compliance with a statute imposing such a requirement and a plaintiff was suffering much pain in consequence of her injuries and was in a condition where she was unable to transact business the courts have held that failure to give notice in strict compliance with the statute was not a bar to recovery. (*Walden* v. *City of Jamestown*, 178 N. Y. 213.) Immature infancy may as a matter of law constitute a condition of physical and mental inability, excusing compliance with the requirement. (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.) But where the infant is eighteen years of age he will be held to the letter of the requirement unless good excuse is shown. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198.)

In line with these authorities this court has held that where an infant, fourteen years of age, sustained injuries which confined him to his bed for a period beyond the last day for filing a notice of intention but which did not render him mentally or physically incapacitated to the extent that he could neither seek nor acquire information as to his rights, the failure to comply with the statute was a bar to recovery. (*Schaefer* v. *State*, 247 App. Div. 833.)

This applicant, Mary Tedesco, was of full age. Her injuries were not such as to prevent her from seeking counsel or giving notice within the ninety-day period. We find no reasonable excuse for her failure to comply with the statute. Application denied. Submit order accordingly.