STUART FELDMAN, an Infant, by MORRIS FELDMAN, His Guardian ad Litem, et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, Bronx County, May 14, 1948.

*George H. Berman* for plaintiffs.

*John P. McGrath, Corporation Counsel (Frank J. Horan* of counsel), for defendant.

BONEPARTH, J. In this action by an infant, under the age of fourteen years, and his father, the plaintiffs move to amend the notice of claim heretofore served on the City of New York on March 10, 1947.

The motion is returnable about one year after the notice was served.

The notice alleges that the infant was injured on the 26th of January, 1947. By this motion, plaintiffs seek to amend the notice, so that the date of the accident will appear as January 28, 1947. The corporation counsel opposes the application.

Subdivision 6 of section 50-e of the General Municipal Law, under which plaintiff moves, reads, in part, as follows: " Before the trial * * * a mistake, omission, irregularity or defect made in good faith in the notice of claim * * * may be corrected * * * in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby."

The Judicial Council (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 279), discussing its proposed amendment, from which subdivision 6 (*supra*) is derived, said: " Excessively technical insistence upon compliance with statutory formalities has produced a number of harsh decisions in New York. A notable example is *Johannes* v. *City of New York,* where the court dismissed the complaint on the ground that the notice of claim omitted the date of the accident which was the subject of plaintiff's claim."

The council further said at page 279 '' The subdivision has been drafted with a view of incorporating in the statute the essence of the liberal, correctional provisions of the Civil Practice Act '' (referring to Civ. Prac. Act, art. 9, §§ 105–110-a, and 112-f; also Rules Civ. Prac., rule 62).

But this does not mean that amendments may be granted merely on application.

The statute requires that there must be shown good faith and absence of prejudice to the defendant. (See, also, Tenth Annual Report of N. Y. Judicial Council, 1944, p. 280; 103 A. L. R. 298, 299.)

The plaintiff's moving papers merely state that '' The date of January 26th was inserted by error.'' The affidavit on behalf of the defendant calls attention to the fact that a year and two months have elapsed between the happening of the accident and the application to amend and that this '' has worked prejudice to the City of New York.''

So far as the father's cause of action is concerned, the court is not in a position to pass upon the questions of good faith and absence of prejudice, on the papers submitted.

The practice on amendments to notices of claim, it seems, should follow the practice prescribed for amendments under article 9 of the Civil Practice Act (dealing with mistakes, defects and irregularities and referred to in the Tenth Annual Report of N. Y. Judicial Council, 1944, p. 279.)

'' That the power of the court to grant permission to amend pleadings on proper application for such leave should be fully exercised in furtherance of justice is undoubted. * * * But it is equally clear that such relief should be granted only when some reason for granting the application is made to appear, or some measure of excuse for failure to put the pleading in proper form within the time prescribed by the statute for that purpose, is given.'' (*Quarantiello* v. *Grand Trunk Ry. Co.,* 145 App. Div. 138, 139–140; see, also, *Washington Life Ins. Co.* v. *Scott,* 119 App. Div. 847.) Prejudice or the absence of prejudice must also be shown by facts, from which a conclusion may be drawn. The mere lapse of one year is not, in and of itself, sufficient either to defeat the application or as proof of prejudice (*Von Wickle* v. *Baron,* 5 App. Div. 130; *Stehli Silk Corp.* v. *Kleinberg,* 200 App. Div. 16).

Thus, in the instant case, the notice of claim alleges that the sidewalk was '' allowed to remain in a defective * * * condition from prior to July 1946 and up to and including the

26th day of January, 1947 * · * *." The amendment seeks to extend that period from January 26th to January 28th. Without any additional facts it is difficult to see how defendant can be prejudiced by that change. It is assumed that the plaintiff will claim that the condition on the 28th was the same as that on the 26th. A different situation might arise if the physical condition of the sidewalk were different on the two dates involved.

Furthermore, part of the proof of the city, in cases of this kind, consists of the testimony of a highway inspector, testifying from his reports as to periodical inspections. If the city claims that a condition existed on the 28th, which did not exist on the 26th, the court should be so advised, so that it may pass on the question of prejudice.

As to the other plaintiff, an infant under the age of fourteen years, a different situation is presented.

Assuming that the infant's application to amend the notice is denied, and upon the trial, the complaint is dismissed, because of the difference in dates, the infant would be allowed, it seems, to serve a second notice and commence a second action. (*Russo* v. *City of New York*, 258 N. Y. 344, 348, 349; *Tilinsky* v. *City of New York*, 255 App. Div. 815; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Williams* v. *Board of Education, City of New York*, 182 Misc. 619; *Staszewski* v. *City of Rochester*, 271 App. Div. 19, affd. 296 N. Y. 705; *Briggs* v. *Village of Peekskill*, 259 App. Div. 819.)

In *Tilinsky* v. *City of New York* (*supra*, decided in 1938, before the enactment of General Municipal Law, § 50-e) it was held that the dismissal of a five-year-old infant's action against the board of education, because of the failure to serve notice of intention to sue within the statutory period, should not be a dismissal on the merits, but the dismissal should be " without prejudice to his commencement of a new action against that defendant, after service upon the Board of Education of a notice of intention to sue it ".

Accordingly, in the infant's case, the choice is between granting the motion to amend or relegating him to a new action, based upon a new notice of claim. As to him, the fact that the guardian made a mistake in the date would seem to be sufficient ground for allowing the amendment.

In *Murphy* v. *Village of Fort Edward* (*supra*) the court said at page 403: " It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because

a parent did not perform for an infant where performance was excused because of the infancy.'' No prejudice can, under the circumstances, result to the defendant, by reason of the fact, that the parties would be in substantially the same position by service of a new notice of claim and the institution of another action. (*Briggs* v. *Village of Peekskill, supra.*) The city's rights may be fully protected. If the defendant desires a new or further examination based upon the amended notice of claim, the order herein may so provide.

The application to amend the notice of claim is granted so far as the infant plaintiff is concerned. The application on behalf of the adult plaintiff is denied, with leave to renew. Submit order on three days' notice of settlement, providing for service of an amended notice of claim for the infant within thirty days after the signing of the order, and for the service of motion papers to amend the notice of claim in the adult's action within the same period, if he is so advised.