In the Matter of EDWIN E. YOUNG, JR., an Infant, by EDWIN E. YOUNG, SR., His Guardian ad Litem, et al., Petitioners, against BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT EIGHT, VILLAGE OF LANCASTER, et al., Respondents.

County Court, Erie County, May 20, 1948.

*Mark E. Fisher* for petitioners.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* for respondents.

ROBINSON, J. This is a motion for permission to file a notice of claim against the respondents herein invoking section 50-e of

the General Municipal Law (as added by L. 1945, ch. 694, § 1, eff. Sept. 1, 1945), subdivision 5 of which states in part as follows:

" Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor  *  *  *  the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one.

" Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based  *  *  *."

The time limit referred to in subdivision 1 of the above section is stated as " within sixty days after the claim arises."

Section 3813 of the Education Law of New York State (subd. 2) entitled " Presentation of claims against the governing body of any school district " requires that " a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law ".

The application herein is made by an infant and his guardian ad litem. In their proposed notice of claim addressed " To the Board of Education of the Village of Lancaster, New York, and the Superintendent of Schools of the Village of Lancaster, New York ", they set forth the facts upon which they base the claims in question herein, stating in substance that the infant herein received certain injuries in the forenoon of February 28, 1947, " through the negligence of the said Board and Superintendent and their agents, servants and employees ", giving in detail the circumstances surrounding said injuries, and that the guardian ad litem herein being said infant's father incurred and will incur medical expenses and further damages through loss of services of his son.

Although no notice has as yet been served upon the respondents herein as required by subdivision 1 of section 50-e of the General Municipal Law, the application to serve such notice was timely, being made as required by subdivision 5 of said section " within the period of one year after the happening of the event upon which the claim is based ".

The question remaining deals, then, with the propriety of granting the applicants herein the privilege of serving notice of claim despite such noncompliance as set forth above. If such privilege is to be granted, said applicants must, of course, come within some exception to the mandate of subdivision 1 of

section 50-e herein under consideration. That is, they must qualify for such leniency as provided in subdivision 5 in the same section. What then must be shown for such qualification? First, were they, during the period in question, " mentally or physically incapacitated "? Apparently neither applicant was guilty of noncompliance " by reason of such disability ". Next, was either at the time of the injury claimed " an infant "? Clearly the father was not. His claim must therefore be disregarded. The son, however, was, according to the verified notice of claim, an infant, thirteen years of age at said time. Was his noncompliance then as regards the service of a notice of claim explained " by reason of such disability "? For the answer to this last question, the court must look to the case law dealing with infancy as a factor excusing strict compliance in the service of such notices. Such case law antedates the effective date of the section in question but serves as the only precedent dealing with facts comparable to those appearing in the case at bar, the problem primarily dealt with therein being a serious consideration of infancy, its various stages, and the legal considerations to be given such infancy under the mandates of statutes otherwise requiring strict compliance with their terms.

In *Murphy* v. *Village of Fort Edward* (213 N. Y. 397 [1915]) Judge COLLIN stated at pages 402–403:

" This court has not declared that infancy creates or is a condition of mental or physical inability. There are two suggestive judicial utterances, the one of Judge GRAY in the *Winter* case [*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 203 (1907)]: ' The plaintiff was eighteen years of age and, so far as the complaint shows, presumably, was able to cause a claim to be filed, and the statute makes no exception as to persons.' The other of Judge SPRING in the opinion of the Appellate Division in the *Winter* case [*Winter* v. *City of Niagara Falls*, 119 App. Div. 586, 589 (1907)]: ' If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable.' There are cases holding that a parent is the natural guardian and protector of the rights of his infant child. It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy.

" We are of the opinion that immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing compliance with the requirement of section 341. It is reasonable to conclude that inability is attributable to a first period of infancy and ability is attributable to a final period, as a matter of law, and through a period lying between those two the question of ability is a question of fact to be submitted to and determined by the jury. (See *Forsyth* v. *City of Oswego*, 191 N. Y. 441, 444: *Cogan* v. *Burnham*, 175 Mass. 391: *Barclay* v. *City of Boston*, 167 Mass. 596; *Barclay* v. *City of Boston*, 173 Mass. 310.) It is not necessary now to determine the age at which the first period ends and that at which the final period begins; indeed they might differ with the facts of different cases."

And then in the much later Court of Appeals case, *Russo* v. *City of New York* (258 N. Y. 344 [1932]), Judge POUND at pages 347–348 states:

" The trial justice left to the jury the question whether plaintiff was physically and mentally able to comprehend and comply with the statutes. One fact is obvious, that she did literally comply with such statutes so far as notice of claim and intention to sue is concerned. It is necessary for her only to excuse her failure to appear for examination before the Comptroller. Her counsel on the trial conceded that she was duly notified to appear and was in default. The question was properly presented to the jury. (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.)

" There are three periods of infancy to be considered in this connection. As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. No exact limitation of these periods by age can safely be made and the classification may depend to some extent on the facts in a given case, but it is the age and capacity of the infant rather than the conduct of its parents and guardians which control.   *   *   * Here the plaintiff was a witness in her own behalf and the jury had not only her age but her appearance to aid them in arriving at their conclusion. No claim can be made that a little girl of fourteen when served with a notice to appear before the Comptroller for examination should as matter of law be held to

the strict requirements of the statute, even though a notice of claim and intention to sue had been previously filed on her behalf.''

In a still more recent case decided in the Supreme Court, Cayuga County, *White* v. *City of Auburn*, (169 Misc. 636 [1938]) Justice KENYON, after a thorough review of the cases set forth above held, on the facts then before him (p. 639), that '' as the plaintiff, at the time of the accident, was twelve years of age, he comes within that period of life where the question of the physical and mental ability of the plaintiff to comprehend and comply with the statute, before us in this case, is a question of fact for the jury.''

It is apparent then from the cases set forth above that the infant applicant herein is of an age that comes safely within '' that period of life where the question of physical and mental ability of the plaintiff to comprehend and comply with the statute '' is a question of fact to be decided by the jury, or, as in the case at bar, by the court sitting without the jury.

The court upon careful consideration of all the facts presented herein is of the opinion that said infant applicant herein should be and hereby is excused from the strict compliance with the mandate of subdivision 1 of section 50-e of the General Municipal Law, regarding service of notice of claim within the specified sixty-day period.

In conclusion then, permission is hereby granted to the infant applicant herein, Edwin E. Young, Jr., to file notice of claim upon the respondents herein, while such permission is hereby denied said infant's father and guardian ad litem, Edwin E. Young, Sr. Said notice, however, to be served within ten days from the entry of this order.