GRACE SCARPINO et al., Plaintiffs, *v.* CITY OF ROCHESTER et al., Defendants.

GRACE SCARPINO et al., Plaintiffs, *v.* ROCHESTER GAS & ELECTRIC CORP., Defendant.

Supreme Court, Special Term, Monroe County, November 25, 1955.

*Samuel Pilato* for plaintiffs.

*Honora A. Miller, Corporation Counsel* (*Stephen K. Pollard* of counsel), for City of Rochester, defendant.

*Nier & Doyle* for E. W. Edwards & Sons and another, defendants.

*John B. McCrory* for Rochester Gas & Electric Corp., defendant.

SARACHAN, J. Subdivision 6 of section 50-e of the General Municipal Law reads as follows: " 6. At or before the trial of an action    *    *    *    a mistake, omission, irregularity or defect made in good faith in the notice of claim    *    *    *    not pertaining to the manner or time of service thereof, may be corrected    *    *    *    in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." Here, the plaintiffs filed notices of claim against the City of Rochester in April, 1953. Now, more than two and one-half years later, they seek to amend those notices as well as to amend their complaints in two respects:

1. By completely changing the manner in which they claim the accident to plaintiff, Grace Scarpino, occurred,

2. By increasing the amounts of the damages claimed by both plaintiffs.

Both in the verified notices of claim and in the verified complaints, the negligence charged to the defendant City of Rochester consisted substantially in " permitting and maintaining    *    *    *    the curb herein in a dangerous, sloping and defective condition so as to create a dangerous condition."

It appears that, in an examination before trial on May 19, 1955, plaintiff Grace Scarpino testified to an entirely different version of how the accident occurred — testifying that she caught her heel in a crack in the curb, and that was what caused her to fall and suffer injuries.

The defendant City of Rochester sets up two grounds upon which it opposes this motion:

1. That if granted, the City of Rochester will be materially prejudiced,

2. That the motion is barred by laches.

One of the claims which the defendant, the City of Rochester, urges very strongly is that the crack or cracks, which the plaintiffs now claim existed at the time of the accident, have been covered with an asphaltic material by somebody — the city insisting that it did not do it. It is, therefore, urged that the city at this state is not in a position to defend plaintiffs' claim as to the manner in which the accident happened. The city further claims that in the intervening two and one-half years there

has been a change in its position in connection with these actions and that, therefore, the motion is barred by laches.

Subdivision 6 of section 50-e was added for the purpose of liberalizing the harshness of court decisions which previously had defeated valid claims for failure to comply with statutory formalities. This court is inclined to be especially liberal in overlooking technical defects in the documents which must be presented or served to get a cause of action to trial.

However, as the court said in the case of *Feldman* v. *City of New York* (192 Misc. 136, 138): " But this does not mean that amendments may be granted merely on application. The statute requires that there must be shown good faith and absence of prejudice to the defendant."

A careful study of the decisions under subdivision 6 leads this court to reach the conclusion that the amendments here applied for do not show " absence of prejudice to the defendant."

What the plaintiffs are seeking here is to file a claim for an entirely different accident from the one for which they filed in April, 1953. It is true that the place of the accident is approximately the same, but the manner of the accident and the alleged negligence of the City of Rochester are entirely different. The prejudice to the defendant city is made all the more impressive by the uncontradicted fact that the cracks now complained of have been filled in by someone other than the City of Rochester so that the city is not in a position to determine what their condition was at the time of the accident. At the time of the filing of the notices, there appeared to be no reason for the city to concern itself with any cracks in the curb since there was nothing in the notices of claim that alleged any negligence in that connection.

There is, of course, the added fact that the plaintiffs have waited two and one-half years before applying for these amendments.

The same reasoning applies to the motion to amend the complaints.

The motion herein is denied, without costs.