James S. Brown, Jr., J.
Application under section 50-e of the General Municipal Law for leave to serve a notice of claim upon the Board of Education after the expiration of the statutory period. The injuries allegedly were sustained on April 10, 1955, when the infant, five years old at that time, stepped on a loose iron grating in a schoolyard. On July 6, 1955, a notice of claim was served upon the City of New York and a hearing was held but the claim was not adjusted. No notice was served upon the Board of Education as is required by law. The reason given for the failure to serve the Board of Education is that neither the father of the infant nor the attorney knew that such service was necessary.
Defendant opposes on the ground that the application is not timely because it is made almost on the last day of the year following the alleged accident. However, the statute states that the application must be made within the period of one year after the happening of the event upon which the claim is based. *215 Therefore the court has discretion to grant the relief requested. Defendant further opposes on the ground that the excuse offered is not one of the exceptions set forth in the statute. This court disagrees and is of the opinion that a five-year-old infant does not possess the mental capacity to protect his rights. The following language in Matter of Hogan v. City of Cohoes (279 App. Div. 282, 284-285) is applicable: “ We are thus squarely confronted by the question of whether delay occasioned either by the neglect or inartful practice of an attorney places an infant’s claim beyond the remedial provisions of the statute. * # * Prior to the enactment in 1945 (L. 1945, ch. 694) of section 50-e of the General Municipal Law there were many decisions relative to the late filing of claims in cases of infants that are of little value now. However one principle was established that still remains important. It was held that the rights of an infant were not forfeited because a parent did not perform for the infant where performance was excused because of infancy (Murphy v. Village of Fort Edward, 213 N. Y. 397; Russo v. City of New York, 258 N. Y. 344). We assume, and the Special Term so recognized, that this principle was not destroyed, within the limits of a year, by the enactment of section 50-e. We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney. (Natoli v. Board of Educ. of City of Norwich, 277 App. Div. 915, affd. 303 N. Y. 646.) In either case an infant thirteen years of age has not the mental capacity to protect his or her rights. The essence of the problem presented here is what the Legislature intended by the use of this language: ‘ and by reason of such disability fails to serve a notice of claim ’. We think it must have meant that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy the courts might grant relief within the period of a year. Any other construction is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an immature infant, shall not be forfeited because of the failure of some other party to act. We think the Special Term construed the statute too narrowly, and that the infant’s claim comes within the doctrine expressed. The claim of the mother is not so protected.”
Under the circumstances of the case herein and since a notice of claim was served upon the City of New York and a hearing was held, the application is granted. The notice is to be served within 10 days after the service of a copy of the order to be entered herein.
Settle order on notice.