Aron Steuer, J.
This is an application for leave to" file notices of claim in a personal injury action by an infant and one by her parent for loss of services. The alleged accident occurred in a public school and the person entitled to a notice of claim would be the Board of Education. The accident happened on January 7, 1957. Two days later an attorney whs retained. He promptly served a notice of claim on the City of New York. On January 6, 1958, this motion was made to allow notices to be served nunc pro tunc on the Board of Education.
*49 Neither side has made any research of the law and aside from the facts stated above the papers consist of requests that the motions be, respectively, granted and denied.
The matter is controlled by section 50-e of the General Municipal Law. It is obvious that the purported service on the City of New York is not effectual against the Board of Education. If it Avere there would be no need for this application. Section 50-e provides that a notice of claim must be served Avithin 90 days of the accident. The court is given discretion to extend the time in certain situations but in no event to allow service after one year from the happening of the accident. (Matter of Brown v. Trustees Hamptonburg School Dist., 303 N. Y. 484; Matter of Martin v. School Bd. [Long Beach], 301 N. Y. 233.) Though the application here is on the last day of the year, it is still Avithin the statutory period and discretion may be exercised. The discretion allowed by the statute in cases brought by infants is to permit serAn.ce within a reasonable time. Although this section has had intensive legislative consideration (see Matter of Brown, supra), it is so inherently illogical in its disregard of conditions that it has received an interpretation Avhich, though fairly consistent, cannot be supported by reason. The section covers persons other than infants and here the discretion can be exercised if the person is prevented from serving the notice by physical or mental disability. That is entirely understandable. A person so situated would in many instances be unable to consult counsel and Avithout such advice Avould in most instances be unaware of the obligation to serve a notice. But if he can consult Avith counsel, the fact that it is the latter’s failure does not excuse the plaintiff (Tedesco v. State of New York, 172 Misc. 851; Rudolph v. City of New York, 191 Misc. 947). As regards disability of infancy, a rule of interpretation grew up through a line of cases regarding infants of tender age, generally under 10 years as disabled (Staszewski v. City of Rochester, 271 App. Div. 19), those over 18 as not disabled (Matter of Nori v. City of Yonkers, 274 App. Div. 545), and making it a question of fact for those of intermediate age (Matter of Young v. Board of Educ., Vil. of Lancaster, 193 Misc. 216). This interpretation of the disability of infancy has no recommendation as an accommodation to the actual situation unless it be assumed that the necessity of filing a notice of claim is a fact generally known to adults but not to children. Such an assumption is patently false. The requirement of notice is not only generally outside the field of knowledge of the lay public, the many eases on the subject show that many lawyers whose field of activity *50 is. other than negligence are entirely unaware of it. What is true is that adults are aware, and children generally at some time in their minority, become aware, that there- is liability for negligently inflicting injury. Until an infant acquires this information he is under the same disability as an adult who is. temporarily deprived of the ability to implement it by reason of his- injuries. The statute fixes- the utmost extent of that disability at one year. In the case of adults that can be justified as including practically all cases where the injuries would prevent, the adult from realizing the necessity of instituting action. But as regards an infant it is absurd; a child two or three years of age is not going to get the information in the following year. So it was frequently held, before the, authoritative interpretation that the one year limitation was an absolute bar, that the disability of infancy extended beyond' the year (Matter of Hector v. City of New York, 193 Misc,. 727; Feldman v. City of New York, 192 Misc. 136; Weber v. State of New York, 181 Misc. 44, and many others). It was. further held that if the notice was defective it could, in the case of an infant, be corrected after the year because the infant was not chargeable with mistakes made on his behalf (Briggs, v. Village of Peekskill, 16 N. Y. S. 2d 873; Belardinelli v. New York City Housing Auth., 187 Misc. 920).
This history of the interpretation of the statute shows that the original idea was, that infancy was a bar so long as the infant would not- know how to protect his rights. And a. natural reluctance to- preclude recovery resulted in giving, infants greater protection than adults, for if the latter’s, attorney made an error he was barred by an infant in the same circumstances was not. However, the original idea needs correction because of the authoritative holding that the one year limitation is an absolute bar. The only way that the statute can be given logical consistency now is to exercise discretion to extend the time of an infant wherever there was a failure on the part of his guardian to obtain counsel. But where, as here, this was done, what more is it expected that the infant would have done had he reached an age of discretion? Is it contemplated that he would have supervised the procedure of his counsel? If not, no disability arose from the infancy.
In a, case such as this one where the court has perforce to initiate the questions as well as to answer them there is always a fear that some contention of prevailing force will be overlooked. Especially so is this in a matter involving an infant. The expression that an infant is a ward of the court does not, however, allow the court, under the guise of protection, to afford *51 greater rights than the law permits or by interpretation to contravene the meaning of a statute. If the infant’s interest conflicts with that of his guardian, discretion should be exercised to protect the former (McVeety v. City of New York, 87 N. Y. S. 2d 631) and even where their interests are parallel, inertia should not be charged to the infant (Russo v. City of New York, 258 N. Y. 344). But where there has been positive action no warrant in the statute appears why an infant should be in a position more favorable than one under no disability. Taking such action establishes that in fact the disability has been overcome.
This same reasoning led to the same conclusion at Special Term in the Third Department and with the result that the infant’s claim was barred by the laches of the attorney selected for her. But the Appellate Division reached an opposite conclusion and reversed (Matter of Hogan v. City of Cohoes, 279 App. Div. 282). The reasoning of the reviewing court was that as an infant is not barred by the failure of his parent to take timely action he should not be barred for a similar lapse on the part of his attorney. With all due respect, it is submitted that there is a controlling distinction between the situation which has already been pointed out.
The final argument that occurs is that the purpose of the statute is to give the public body charged timely notice in order to protect it against false or stale claims. Here it might be argued that where there is sufficient to put that body on notice, despite the fact that all the requirements are not complied with, that within the permissible period discretion should be exercised in favor of the infant. But this, quite plainly, is not the mandate of the statute. The exercise of discretion favorable to the plaintiff is in no way dependent on defendant’s position or knowledge. It is confined solely to the position of the plaintiff. A complete and thorough knowledge of the accident on the part of defendant will not authorize a filing after a year by anyone and a filing after 90 days only by those under a disability.
Motion denied.