Louis L. Friedman, J.
Plaintiff applies for leave to serve a late notice of claim. The application is made only on behalf of an infant plaintiff who is now fifteen and one-half years of age and who at the time of the accident was fourteen and one-half years old. The accident occurred on February 28, 1957, and this application (and the prior one which was denied without prejudice because of a defect in the papers) was brought on during the last month before the time to make such application would have finally expired.
Disregarding for the moment the merits of the right to recovery for the accident described in the moving papers, the court has come to the conclusion that this application may not be granted. Sympathetic as the court may be to the plaintiff’s position herein, and giving due regard to the fact that he is an infant who was fourteen and one-half years of age at the time of the accident, the court finds that the reasons assigned for failing to file the notice of claim in time are not those which section *1021 50-e of the General Municipal Law sets forth as reasons which would give the court authority to extend the time to file the notice of claim. The excuse assigned by the infant plaintiff is that his father retained a lawyer about two weeks after the accident. The lawyer in turn says that since he is not a negligence specialist, he in turn requested another attorney, one who specializes in negligence cases, to do the work required to protect this infant’s rights. Said latter attorney thereafter returned the papers to the first retained attorney, advising that there was no likelihood of liability or recovery. After some delay, the original attorney has now decided that in his opinion there is liability and that he should go ahead with the action. Section 50-e, under which this application is made, permits the court in its discretion to extend the time to serve and file a notice of claim, provided the application is made within one year from the date of the accident and providing further that the cause for failing to file the notice on time is infancy. Other permissible reasons are not germane to the issues here presented. In the case now before the court it appears that the reason for not having served the notice of claim in time is not the infancy of the plaintiff, but rather the fact that this lawyer referred the matter to another attorney. Even though there was considerable discussion between the two attorneys as to whether there was or was not a cause of action it would have been a simple matter to prepare and serve a notice of claim, and if necessary, to commence an action within the one-year statutory period, and then, if subsequent investigation disclosed that there was no meritorious cause of action, the action could have been discontinued. The delay here was not occasioned by reason of the infancy, but because the attorneys did not make up their minds as to whether they had a good cause. Under such circumstances, section 50-e does not permit the court to exercise any discretion in this matter.
In Matter of Bosh v. Board of Education (282 App. Div. 887) the Appellate Division in this department had occasion to pass upon this very question, though on a different set of facts. The infant in that case, who was 15 years old, failed to file his notice of claim in time and applied for leave to do so, and the Special Term granted the application. The Appellate Division reversed and denied the motion, stating: “ The failure to serve a notice in time was not by reason of the claimant’s infancy and no other disability prevented timely filing. (Matter of Nori v. City of Yonkers, 274 App. Div. 545, affd. 300 N. Y. 632; Matter of Lustig v. City of N. Y., 278 App. Div. 716; Matter of Adanucio v. City of N. Y., 281 App. Div. 763).” In Matter of Abiuso v. *1022 New York City Tr. Auth. (4 A D 2d 876), the same Appellate Division again reversed the Special Term which granted an order extending the time to file a late notice of claim, stating: 1 ‘ No showing was made that the failure to serve a notice of claim within the 90-day period was due to any of the disabilities set forth in the statute. ’ ’
If the court had any discretion, despite the fact that there appears to be grave doubt as to whether plaintiff is entitled in any event to recover in this action, the failure of the lawyer to file the notice of claim in time would not be a bar to the rights of this infant plaintiff. This set of circumstances and the- decision which the court is bound to make herein point up the necessity for the passing of legislation by the Legislature of the State of New York which would permit the court in its discretion, for any reason which has merit, to extend the time to file a notice of claim. Particularly is it important in the case of infants, that the court be permitted to grant such applications even after the expiration of the present statutory one-year period. But it is the Legislature which must enact the law and the court which must interpret it, and despite the inequities which may sometimes occur, the court has no power to interpret the law other than as it has been written by our legislative branch of Government.
Under all the circumstances, the application presently made must be and is denied.