Matthew M. Levy, J.
This is a motion on behalf of the claimant for leave to file a late notice of claim with the respondent (General Municipal Law, § 50-e, subd. 5 — I assume that the claimant’s reference in the moving papers to subd. 6 is a typographical error).
I have not been afforded the benefit of any briefs or argument of counsel, although the respondent has cited in its answering affidavit the case of Matter of Copes v. Board of Educ. of City of N. Y. (11 Misc 2d 48). Assuming that I were inclined to disagree with my learned colleague’s determination in the case cited by the respondent, I find that the papers submitted by the petitioner (and upon which I am expected to rest my decision) are woefully inadequate.
(1) The applicant alleges that the infant is under the age of 14 years; the date of birth should be given. Some of the precedents (rightly or wrongly) distinguish between infants of various ages (Staszewski v. City of Rochester, 271 App. Div. 19; Matter of Young v. Board of Educ. of Vil. of Lancaster, 193 Misc. 216) and the formal classic statement that the infant here is ‘ ‘ under the age of fourteen years ’ ’ may not suffice, however adequate in other situations (e.g., Civ. Prac. Act, § 225, subd. 1; Rules Civ. Prac., rules 290; 291; 294, subd. 4 [bj).
(2) No indication is given as to whether, when, on August 6, 1957, the alleged accident occurred at the respondent’s playground, there was immediate knowledge on the respondent’s part by virtue of some employee having been present; and if that be not the fact whether any notice was given to the respondent’s supervisor on the spot.
(3) It is stated that the child was seriously and permanently injured, but what the injuries consisted of is not presented.
(4) It is alleged that a notice of claim was prepared and executed in September, 1957, but such notice is not submitted. What is annexed to the moving papers is a proposed notice dated February, 1958.
(5) It is asserted that the claimant’s counsel became ill and was hospitalized for needed operative procedures. But when the illness occurred, when the attorney went to the hospital and when he was there operated upon are not stated.
(6) It is alleged that the failure to serve the notice was not discovered until new counsel examined the file. When the new attorneys took over and when this particular file was examined are not disclosed.
I do not say that each of these omissions is necessarily conclusive, but complete factual coverage thereof by the petitioner may have aided the court in the exercise of the judicial discretion presumably claimed by the petitioner to exist. My *648 independent study of the cases has led to the finding that in some instances it has been held that the neglect of a parent in failing to file a claim in behalf of an infant of tender years may not be chargeable to the infant (Biancoviso v. City of New York, 285 App. Div. 320; Podlevsky v. New York City Housing Auth., 144 N. Y. S. 2d 621). Nor is the neglect or inartful procedure of counsel retained by the infant’s parent always to be ignored in weighing the infant’s plea (Natoli v. Board of Educ. of City of Norwich, 277 App. Div. 915, affd. 303 N. Y. 646; Matter of Hogan v. City of Cohoes, 279 App. Div. 282; Matter of Short v. Board of Educ. of City of Watertown, 12 Misc 2d 441; Matter of Battaglia v. Board of Educ. of City of New York, 3 Misc 2d 214; Weingard v. City of New York, 124 N. Y. S. 2d 198; Matter of Mathusa v. Board of Educ., 202 Misc. 1010; but see, contra, Matter of Copes v. Board of Educ. of City of N. Y., 11 Misc 2d 48, supra; Matter of Bivona v. City of New York, 11 Misc 2d 1020).
Certainly, therefore, if, as is claimed by the petitioner, there is no neglect or ineptitude giving rise to failure to file, but unforeseen circumstances over which neither infant nor parent nor counsel had control, discretion might be exercised favorably (within the permissible period of a year) in relieving the claimant of default. But all the facts must be presented, and the petitioner cannot rely upon general conclusory statements, and upon a failure to give all of the facts clearly and specifically. In the cases supporting the exercise of discretion in the infant’s favor, above cited, the courts were afforded adequate factual bases for their determinations. The alleged serious illness of the claimant’s former attorney arouses personal sympathy, but the facts are needed to justify judicial action. Unfortunately, they are not given here.
In the circumstances, the motion is denied, but without prejudice to renewal upon adequate papers.