■ MARIA DE MAIO, an Infant, by Her Father FRANCESCO DE MAIO, et al., Respondents, v S. THOMAS COPPOLA et al., Appellants. — In a medical malpractice action, the defendants separately appeal from (1) an order of the Supreme Court, Kings County, dated April 25, 1980 which granted the infant plaintiff's motion for a discontinuance as to her and (2) a prior order of the same court dated May 8, 1979 which failed to grant the defendants' motions to dismiss the complaint. Orders affirmed, without costs or disbursements. It is directed that pretrial proceedings be completed, the case be placed on the Trial Calendar and the trial be commenced, all no later than May 15, 1981. The question posed by this appeal is whether Trial Term abused its discretion in permitting the infant plaintiff to discontinue her causes of action for a second time in order to join an additional defendant, the manufacturer of the drug Librium. We conclude that the discontinuance was proper. This action was commenced against the defendant

doctor in October, 1969 for allegedly wrongfully prescribing the drug Achromycin during the first trimester of the infant plaintiff's mother's pregnancy. Ingestion of the drug allegedly caused the infant to be born with upper bilateral phocomelia (a shortening of both upper extremities so that the hands appear to be attached to the shoulders), a shortening of the right leg and dislocation of the right hip. The defendant corporation is the drug manufacturer. Plaintiffs (the father sued derivatively) were granted a discontinuance in November, 1974 upon the ground that no doctor would testify to a causal relationship between the drug and the birth defects. Less than a year later, however, the stipulation of discontinuance was set aside, as to the infant only, when a doctor who would so testify was found (see *De Maio v Coppola,* 52 AD2d 633). Further adjournments were granted to the infant plaintiff, but a motion seeking additional discovery was denied, and defendant American Cyanamid's motion for a protective order was granted, upon the ground that the infant plaintiff's motion had come upon the eve of trial of an already much delayed action. A discontinuance was then sought (Nov., 1978) in order to join a third defendant, the manufacturer of the drug Librium. With great reluctance Trial Term granted the discontinuance. Its reluctance was only overcome by the fact that the action was brought by "an unfortunate infant." Defendants argued that the discontinuance should be denied and the case dismissed inasmuch as they, by now, had accrued substantial rights which had to be protected, viz., the right to have the litigation come to an end after so long a time (the doctor was being defended by the State of New York "as liquidator of the Professional Insurance Company of New York" and the matter needed to be disposed of in order to make a final distribution of assets to creditors and shareholders of the insurance company; relevant employees of American Cyanamid were retiring), the right to their order of protection against further discovery (which would be obviated if a new action were commenced), and the fact that plaintiff's infancy had already been protected by the court by its having granted the first discontinuance and then setting it aside. Without entering a formal order of discontinuance upon the trial court's decision, the infant plaintiff served the amended summons and complaint adding Roche Laboratories, a division of Hoffman-La Roche, Inc. Defendants' motions to dismiss the new action on the ground that a prior action was pending (CPLR 3211, subd [a], par 4) were stayed on May 8, 1979 pending entry of the formal order of discontinuance. Defendants state that the infant plaintiff never did enter a formal order and that, in order that they might appeal, they entered the order granting the discontinuance. In affirming the granting of the discontinuance, we do not thereby condone or approve any laxity of the infant plaintiff's counsel in failing to follow procedural rules. We have, however, weighed defendants' substantial rights against the injustice that may result if the infant plaintiff is denied an opportunity to add the third defendant (see *Ruderman v Brunn,* 65 AD2d 771). We conclude that the balance tips in favor of the infant. Such exercise of discretion does not contravene the meaning of any statute and is not akin to the issue raised in *Matter of Copes v Board of Educ.* (11 Misc 2d 48, 50-51), a case upon which defendants rely. The enormity of the infant's injuries coupled with the complexity of proof of liability take precedence over final liquidation, renewed discovery and the inconvenience of protracted litigation. Mangano, J. P., Gulotta, Cohalan and Weinstein, JJ., concur.